SCHWARTZ, Judge.
A warrantless, routine administrative search of a pharmacy conducted by the Department of Professional Regulation pursuant to Sees. 465.017, 893.09(1) and 893.-07(4), Fla.Stat. (1979) revealed several suspect prescriptions for quaaludes written by the appellant, Dr. Robert Cushing, an oral surgeon. As a result, a three-count administrative complaint was filed against him. The hearing officer found Cushing guilty of improperly prescribing the drug in the incident charged in Count III[1] and recommended dismissal of Counts I and II. On review, the Board of Dentistry adopted the hearing officer’s findings and recommendations in all respects.
There is no merit whatever in either of Dr. Cushing’s attacks upon the finding of *1198 guilt as to Count III. His first contention that the search of the pharmacy was invalid must be rejected out of hand both because (a) the appellant had no reasonable expectation of privacy with respect to the completed prescriptions in the possession of the pharmacy and therefore may not assert the claim, United States v. Payner, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980); United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), and (b) on the merits of the issue, the statutorily-authorized search effected below was in fact constitutionally permissible. United States ex rel. Terraciano v. Montanye, 493 F.2d 682 (2d Cir. 1974), cert. denied, 419 U.S. 875, 95 S.Ct. 137, 42 L.Ed.2d 114 (1974); see, United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); Federman v. State of Florida, Department of Business Regulation, Division of Pari-Mutuel Wagering, 414 So.2d 28 (Fla. 3d DCA 1982).
There is likewise no basis for the assertion that the findings against the appellant are unsupported by substantial, competent evidence, DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957); Section 120.68(10), Fla.Stat. (1979), nor the contention that the patient to whom Dr. Cushing dispensed the quaaludes was improperly permitted to testify to the circumstances surrounding that prescription. Frantz v. Golebiewski, 407 So.2d 283, 284, n.2 (Fla. 3d DCA 1981) and cases cited (no Florida doctor-patient or dentist-patient privilege); see Morrison v. Malmquist, 62 So.2d 415 (Fla.1953).[2] Finally, we regard as frivolous the appellant’s argument that the result as to either the search or the evidentiary issue is changed or even affected by the right of privacy provision of the Florida Constitution. Article I, Section 23, Florida Constitution (1980). Accordingly, on the appeal of Dr. Cushing, we affirm the determination below.
By cross-appeal, the appellee seeks to challenge alleged errors committed by the hearing officer which underlay his recommendation that Counts I and II be dismissed. Since, however, the Board adopted these very recommendations in the order now before us, the agency is thus essentially attempting to appeal from itself. It is very clear that this cannot be done, see Section 120.68(1), Fla.Stat. (1979), and the cross-appeal is therefore dismissed for lack of jurisdiction.
Affirmed, cross-appeal dismissed.

. The officer recommended and the Board imposed a fine and a one-month suspension of Cushing’s license to practice dentistry.

. No privilege against self-incrimination was asserted by either the patient or the appellant.