606 So.2d 1205 (1992)
STATE of Florida, Appellant,
v.
William Starling NUCKOLLS, III, et al., Appellees.
No. 91-1670.
District Court of Appeal of Florida, Fifth District.
September 25, 1992.
Rehearing Denied November 13, 1992.
*1206 Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellant.
Robert A. Leventhal, Leventhal & Slaughter, P.A., Orlando, for appellee William Starling Nuckolls III.
John L. Woodard, III, Orlando, for appellees Delores Gunter and Sharon Gibbs.
Gregory M. Wilson, Orlando, for appellee Jeanelle Nuckolls Rivers.

ON MOTION FOR REHEARING
GOSHORN, Chief Judge.
We grant the parties' motions for rehearing, withdraw our opinion dated July 10, 1992, and substitute the following opinion.
The State appeals from the order granting a motion to dismiss[1] the 75 counts of a 182 count fourth amended information charging the defendants with odometer tampering,[2] forgery,[3] vehicle title violations,[4] and notary public violations[5] for lack of subject matter jurisdiction by the statewide prosecutor to prosecute the specified charges. The State contends all the crimes charged are fraudulent in nature and fall within the broad constitutional[6] and statutory[7] grants of subject matter jurisdiction to the statewide prosecutor. Specifically, the State argues that the dismissed charges fall within the category of "criminal fraud" which section 16.56, Florida Statutes (1991) specifically authorizes the statewide prosecutor to prosecute.[8] The defendants answer that only those crimes covered in Chapter 817, Florida Statutes (1991) entitled "Fraudulent Practices" *1207 can be prosecuted by the statewide prosecutor under the legislative grant of power to prosecute "criminal fraud." We agree with the State's argument and reverse.
Section 16.56(1)(a), Florida Statutes (1991) provided that the office of the statewide prosecutor may:
Investigate and prosecute the offenses of bribery, burglary, criminal fraud, criminal usury, extortion, gambling, kidnapping, larceny, murder, prostitution, perjury, and robbery; of crimes involving narcotic or other dangerous drugs; of any violation of the provisions of the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, including any offense comprising part of a pattern of racketeering activity in any RICO offense as charged; of any violation of the provisions of the Florida Anti-Fencing Act; of any violation of the provisions of the Florida Antitrust Act of 1980, as amended; or of any attempt, solicitation, or conspiracy to commit any of the crimes specifically enumerated above. The office shall have such power only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits. [Emphasis added].
The prior legislative history of section 16.56 did not reflect any legislative interpretation, either restrictive or broad, of "criminal fraud." However, effective April 8, 1992, section 16.56(1)(a) was amended to delete the reference to "criminal fraud." Ch. 92-108, §§ 1 & 3, Laws of Fla. In its stead, the legislature clarified the statewide prosecutor's authority by including in the list of offenses properly prosecuted, "any crime involving, or resulting in, fraud or deceit upon any person." Id. § 1. The recent legislative history of section 16.56 reflects the legislature's intent to clarify the prior statute. The Senate Staff Analysis states:
The jurisdiction of the statewide prosecutor and the statewide grand jury to investigate and prosecute crimes extends throughout the state; however, the subject matter jurisdiction is limited to the offenses enumerated in the statute. s. 16.56(1)(a), F.S. Criminal fraud is one of the specified offenses.
Most, but not all, of the criminal fraud crimes are found in Chapter 817 of the Florida Statutes, titled "Fraudulent Practices." For example, crimes involving motor vehicle titles and odometer tampering are found in Chapter 319; forgery violations are found in Chapter 831; and notary public violations are found in Chapter 117.
* * * * * *
This legislation would clarify that any fraud or deceit crime, regardless of statute or chapter number, would be within the jurisdiction of the statewide prosecutor and statewide grand jury to investigate and prosecute. This bill does not expand their jurisdiction.
Florida case law is well established that subsequent legislation adopted to clarify the legislature's intention is properly considered in construing a prior statute. Ivey v. Chicago Insurance Co., 410 So.2d 494, 497 (Fla. 1982). Thus, in the instant case, we find that the legislature intended to include odometer tampering, forgery, vehicle title violations, and notary public violations under the somewhat generic heading of "criminal fraud." Accordingly, dismissal of the counts charging defendants with those offenses was error.
Because section 16.56 as it existed on the date of the filing of the original information gave the statewide prosecutor subject matter jurisdiction over the forgery, vehicle title, and notary public counts, we find that the defendants' arguments directed at the statute of limitations are without merit.
REVERSED and REMANDED.
W. SHARP and COWART, JJ., concur.
NOTES
[1] Orders granting motions to dismiss in criminal cases are appealable. State v. Smith, 578 So.2d 826 (Fla. 5th DCA 1991); State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991).
[2] § 319.35(1)(a), Fla. Stat. (1989).
[3] § 831.01, Fla. Stat. (1989).
[4] § 319.33, Fla. Stat. (1989).
[5] § 117.09(2), Fla. Stat. (1989).
[6] Article IV, § 4(c), Florida Constitution provides in pertinent part:

There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law.
[7] § 16.56, Fla. Stat. (1991).
[8] The term "criminal fraud" is also found in section 905.34, Florida Statutes (1991), which defines the subject matter jurisdiction of the statewide grand jury.