715 So.2d 1076 (1998)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Patricia MORMAN, d/b/a Patti Cake Nursery, Respondent.
No. 97-4587.
District Court of Appeal of Florida, First District.
August 7, 1998.
Gregory D. Venz, Assistant General Counsel, Department of Children and Families, Tallahassee, for Petitioner.
*1077 Bruce A. Tischler, Fort Myers, for Respondent.
BOOTH, Judge.
The issue before us on appeal is whether the administrative law judge (ALJ) erred in sua sponte dismissing a particular charge in Petitioner's administrative complaint alleging that Respondent failed to have properly trained employees working in her day care facility. The ALJ reasoned that because the complaint did not specifically allege which employees had deficient training, the complaint failed to provide Respondent with the proper notice necessary for her to mount her defense.[1]
We hold that the complaint sufficiently alleged the charged training violations so that Respondent had proper notice of the nature of the charge, thereby allowing her to mount a meaningful defense, as required under the law. Libby v. Department of State, 685 So.2d 69, 71 (Fla. 1st DCA 1996); Seminole County Bd. of County Comm'rs v. Long, 422 So.2d 938, 940 (Fla. 5th DCA 1982), rev. denied, 431 So.2d 989 (Fla.1983); Florida Bd. of Massage v. Thrall, 164 So.2d 20, 22 (Fla. 3d DCA 1964). The complaint alleges, inter alia, the nature and dates of the violations, i.e., training deficiencies, occasions of inspectors' discovery of the noted deficiencies, and cites to pertinent rules. We also note that Respondent failed to object based on any lack of specificity. Furthermore, the hearing transcript shows that Respondent was not confused as to either the nature of the training requirements alleged to have been violated or the identity of the pertinent employees.
The ALJ's order is hereby vacated, and the case is remanded for proceedings consistent with this opinion.
ERVIN, J., concurs with written opinion.
BENTON, J., dissents with written opinion.
ERVIN, Judge, concurring.
I fully concur with Judge Booth's opinion for the court and write separately only to address some of the reservations Judge Benton has expressed in his dissent to the majority's disposition. Judge Benton interprets section 120.57(1)(j), Florida Statutes (1997), as permitting an agency to review only an administrative law judge's (ALJ) legal conclusions and/or rule constructions that are within the substantive jurisdiction of the agency.[2] I cannot agree. Since the enactment of the Administrative Procedure Act in 1974, and until its amendment in 1996, this provision, formerly section 120.57(1)(b)(10), has provided, in essentially the same language:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order.
For many years, this statute has been interpreted as allowing a reviewing agency to displace the conclusions of law of an ALJ if the reasons for the rejection are sufficiently explained. See McDonald v. Department of Banking & Fin., 346 So.2d 569, 583 (Fla. 1st DCA 1977). The current provision, now numbered 120.57(1)(j), reads as follows:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order over which it has substantive jurisdiction.

(Added language underscored and deleted language struck through.)
In my judgment, the amended limitation of an agency's review powers is applicable only to the latter part of the subsection, that is, in regard to an ALJ's interpretation of an agency's administrative rules. I find it very difficult *1078 to believe that the legislature intended, by the revised language used, to restrict an agency's appellate powers to only those conclusions over which it has substantive jurisdiction. If the legislature had intended to make such a substantial and profound change to a statute that had remained unchanged for more than 20 years, it could have far more effectively expressed its purpose. Because it did not, I consider that the legislature added the amendment simply to clarify that which had long been the law: that the agency could reject or modify an ALJ's interpretation of administrative rules over which it has substantive jurisdiction, but its power otherwise in respect to an ALJ's conclusions in a recommended order remains unaffected by the statutory change. Cf. State ex rel. Szabo Food Servs., Inc. of N.C. v. Dickinson, 286 So.2d 529 (Fla.1973) (amended language in statute served only to clarify the legislature's original intention, rather than change the law).
Such a construction is, in my opinion, more reasonable than that advanced by the dissent. An agency clearly has jurisdiction over its own rules, but it can hardly be said to have substantive jurisdiction over an ALJ's recommended conclusions of law. Similarly, an agency has jurisdiction in regard to certain laws which delegate to it the right to regulate, but the legislature did not choose to provide that the agency may reject or modify the ALJ's interpretation of laws. Instead, it left intact the term "conclusions of law," thereby implying that the amendment was designed simply to clarify a power that had previously existed.
BENTON, Judge, dissenting.
This proceeding began with the filing of an administrative complaint. Apprised of a factual dispute, the Department of Children and Family Services referred the matter for hearing to the Division of Administrative Hearings, where it was assigned to an administrative law judge, all in keeping with section 120.57(1), Florida Statutes (1997). As long as the matter remained there, the Department was powerless to "take ... further action ... except as a party litigant." § 120.569(2)(a), Fla. Stat. (1997). With entry of the recommended order, the Department again assumed jurisdiction and entered a "PARTIAL FINAL ORDER AND REMAND ORDER," adopting the recommended order in part and imposing a four-hundred-dollar fine on Patricia Morman doing business as Patti Cake Nursery (Patti Cake).
The Department also concluded, rejecting the recommended order's conclusion of law on the point, that the "administrative complaint was adequate to charge the failure to comply with training, particularly when read with the June 24, 1996, letter explaining the violations found in the June 14, 1996, inspection." On this basis, the Department rejected the administrative law judge's recommendation to dismiss a portion of the administrative complaint and remanded with directions that the "ALJ ... determine if respondent's employees Michelle Stroman, Dana Royal, and Joan Grey timely completed the requisite 30 hours of training." (These employees' names had not appeared in the administrative complaint.)
On receipt of the Department's order, the administrative law judge entered an order declining remand. This order did not revisit the merits of the recommended order's conclusion that it was "impossible to discern from these pleadings what violation of training standards Petitioner is trying to allege and Respondent is obligated to defend." Instead, the order declining remand stated its rationale, as follows:
Under Section 120.57(1)(j), Florida Statutes, CFS "may reject or modify the conclusions of law and interpretation of administrative rules over which it has substantive jurisdiction." Determining the adequacy of allegations is a legal issue, but not one over which CFS has substantive jurisdiction. CFS therefore lacks the authority to reject the conclusion of law that it inadequately pleaded the training issue.
The Department then filed the petition for review of administrative law judge's order declining remand that is now before us, seeking "review of a nonfinal order of an administrative law judge as provided in rule 9.190(b), and 9.100, Florida Rules of Appellate Procedure." *1079 The Department's petition seeks reversal of the order declining remand on the theory that the earlier recommendation to dismiss part of the administrative complaint was erroneous, but does not address the effect of section 120.57(1)(j), Florida Statutes (1997).
The Department's petition should be denied because the administrative law judge's interpretation of section 120.57(1)(j), Florida Statutes (1997), is correct. This statutory provision outlaws a referring agency's rejecting or modifying the administrative law judge's conclusions of law unless the referring agency has "substantive jurisdiction" over the legal question. The conclusion of law the Department rejected here has nothing to do with the Department's putative expertise in families and children or with whether Patti Cake was or was not in compliance with departmental rules or with laws the Department administers.
The Legislature has entrusted just this type of procedural question to administrative law judges, who stand as neutrals in section 120.57 proceedings between agencies and citizens who are subject to adverse agency action. The administrative law judge concluded that lack of adequate notice made it unfair to proceed against Patti Cake on one of the grounds the Department advocated at the time the matter came on for hearing. This decision is properly for the administrative law judge, not for the agency that the administrative law judge found had failed to give fair notice.
Where, to take another comparable example, finding facts fairly and reliably requires a continuanceor that a continuance be deniedor in a host of other circumstances in which the agency as litigant must be held to the same standards as parties against whom it is litigating disputed facts, the Legislature has ordained that the administrative law judge's procedural rulings are not subject to reversal by the agency that is, after all, one of the parties to the dispute. § 120.57(1)(j), Fla. Stat. (1997). The legislative purpose is nothing less than to ensure a fair fact-finding contest between a party like Patti Cake and a massive governmental organization like the Department.
Efficiency as well as fidelity to the statutory scheme would have been served if the Department had filed a new or amended administrative complaint setting forth its allegations in the same detail it mustered in its order remanding. Because the recommendation to dismiss the administrative complaint rested on grounds the administrative complaint failed to give adequate notice to Patti Cake, there was no bar to subsequent proceedings on an administrative complaint alleging the same defalcations adequately. The Department could have obtained an administrative hearing on the questions of concern to it more expeditiously by beginning anew with a more explicit administrative complaint than by traversing the tortuous route through the appellate process the Department has instead pursued.
The restriction contained in section 120.57(1)(j), Florida Statutes (1997), on agency authority to modify or reject conclusions of law in recommended orders should be enforced. On that basis, I would deny the Department's petition for review of the administrative law judge's order declining remand.
NOTES
[1] The only issue presented on appeal and briefed by the parties is the notice issue mentioned above; thus, our review is limited accordingly.
[2] Judge Benton has also made this observation in two concurring opinions, Florida Power & Light Co. v. State, 693 So.2d 1025, 1028 (Fla. 1st DCA 1997), and Shaker Lakes Apartments Co. v. Dolinger, 714 So.2d 1040 (Fla. 1st DCA 1998).