KAHN, L.,’ Associate Judge.
Appellant, Julie Matthews, appeals the trial court’s denial of her motion to compel the Florida Department of Law Enforcement to issue a certificate of eligibility for expungement of her grand theft charge. The lower .court found that the Appellant failed to meet the statutory requirements of section 943.0585, Florida Statutes (1997). We affirm.
During the evening of March 8, 1995, the Appellant, Julie Matthews, was with a group of friends at a restaurant. She left the restaurant utilizing one of her friend’s vehicles. Her friend filed a police report, and the Appellant was arrested for grand theft of an automobile on March 9, 1995 *1149 around 10:00 A.M. Seven hours earlier on March 9, 1995, the Appellant had been arrested for driving under the influence (DUI) in that same friend’s vehicle. These arrests were treated as separate incidents. They were reported in separate police reports, they were given separate agency case numbers by the Sheriffs Department, and they were given separate court case numbers.
The Appellant was adjudicated guilty of DUI. The State filed a notice of no information in the Appellant’s grand theft auto case. To have her grand theft auto offense expunged, the Appellant applied for a certificate of eligibility from the Florida Department of Law Enforcement (FDLE) pursuant to section 943.0585(2), Florida Statutes, which governs the expungement of non-judicial criminal history. FDLE sent the Appellant a letter stating that the certificate of eligibility would not be issued since she had been adjudicated guilty of charges stemming from the arrest or alleged criminal activity to which the application pertained. The Appellant filed a motion to compel FDLE to produce a certificate of eligibility for expungement. The State Attorney’s Office and FDLE filed their respective responses in opposition to the Appellant’s motion.
The trial court denied the Appellant’s Motion to Compel based upon sections 943.0585(2)(d) and (e), Florida Statutes.[1] The trial court found that the Appellant had previously been adjudicated guilty of the criminal offense of DUI which rendered her ineligible for a certificate of eligibility. See § 943.0585(2)(d), Fla. Stat. (1997). The trial court further found that the Appellant’s adjudication of guilt for the criminal offense of DUI occurred on March 22, 1995, prior to the State filing a no information notice on the grand theft auto offense on April 22, 1995, and prior to the Appellant filing her petition for ex-pungement. In addition, the court found the Appellant ineligible for the certificate of eligibility because the Appellant was found asleep under the influence of alcohol at the wheel of the car which was the subject of the grand theft. The trial court reasoned that the DUI and the grand theft arose from the same incident. See § 943.0595(2)(e), Fla. Stat. (1997).
When the appellant filed her petition for expungement, the section read as follows:
(d) Has never previous been adjudicated guilty of a criminal offense or comparable ordinance violation or adjudicated delinquent for committing a felony or a misdemeanor specified in s. 943.051(3)(b). (Emphasis added).
The statute failed to clearly state whether the petition or the arrest date was the relevant date. The Appellant argued that section 943.0585(2)(d) required that the de *1150 fendant have not been adjudicated guilty of an offense prior to the time of the arrest for the offense for which expungement was sought. The lower court agreed with the State that the statute required that the defendant not have been adjudicated guilty of an offense prior to the defendant applying for expungement.
Subsequent to the Appellant’s petition for expungement the Florida Legislature amended section 943.0585(2)(d), effective July 1, 1999, by Ch. 99-300, § 4 at 3259, Laws of Florida. It now provides:
(d) Has never.; prior to the date on which the application for a certificate of eligibility is filed, been adjudicated guilty of a criminal offense or comparable ordinance violation or adjudicated delinquent for committing a felony or a misdemeanor specified in s. 943.051(3)(b). (Emphasis added).
The title of the amended law states in part, “clarifying certain requirements for a petition to expunge or seal a criminal history record.” See Ch. 99-300, § 4, at 3253, Laws of Fla. In Long v. State, 622 So.2d 536, 538 (Fla. 1st DCA 1993), the appellate court stated that reference to the title of the legislative act is appropriate in determining legislative intent. Although this new clarifying language was not in the statute at the time that the Appellant filed her petition for expungement, “a court may consider an amendment to a statute soon after controversies as to the interpretation of the original act arise as legislative interpretation of the original law. Such subsequent amendments to a statute, which serve to clarify rather than change existing law, aré entitled to substantial weight in construing the earlier law.” See Thompson v. State, 695 So.2d 691, 694 (Fla.1997) (Wells, J., dissenting, citations omitted); see, e.g. Finley v. Scott, 707 So.2d 1112, 1116 (Fla.1998) (explaining that “[ajlthough the 1993 statute applies to this case, we accept the addition of this sentence to the statute as clarifying legislative intent....”); Ivey v. Chicago Ins. Co., 410 So.2d 494, 497 (Fla.1982) (quoting Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla.1952)) (“The rule seems to be well established the interpretation of a statute by the legislative department goes far to remove doubt as to the meaning of the law. The court has the right and the duty, in arriving at the correct meaning of a prior statute to consider subsequent legislation.”); State v. Nuckolls, 606 So.2d 1205, 1207 (Fla. 5th DCA 1992) (explaining that “Florida case law is well established that subsequent legislation adopted to clarify the legislature’s intention is properly considered in construing a prior statute.”); Rowles v. Department of Bus. Regulation, 585 So.2d 319 (Fla. 5th DCA 1991). Therefore, the lower court’s denial of the Appellant’s Petition for Expungement was correctly decided based upon the clear language of section 943.0585(d) as amended.
The Appellant also argues that the lower court erred when it found that the DUI and the grand theft charge arose from the same incident. § 943.0585(2)(e), Fla. Stat. (1997). The DUI and the grand theft arrests were treated as separate incidents by the Sheriff and the State Attorney’s Office. There was a gap in time between the two incidents. The grand theft had been completed when the Appellant took the keys from the car’s owner and left the restaurant in the car. The Appellant contends that her DUI arrest is no more related to the grand theft charge than if it had. occurred a week or more afterwards.
These two offenses could have been charged in the same information in a separate count for each offense since they are based on two or more connected acts or transactions.[2] It was only fortuitous that the Appellant was not arrested for both *1151 offenses at the same time. The first officer who arrested her for DUI did- not know at the time of the arrest that the car the Appellant was driving had been stolen. The offenses are not unrelated simply because she was not cited for both offenses at the same time. See Spencer v. State, 645 So.2d 377, 381 (Fla.1994) (explaining that even if crimes are separated by a substantial lapse in time they can constitute a single episode as long as crimes are causally related to each other.).
The lower court’s order denying the Appellant’s Motion for Certificate of Eligibility is affirmed based upon section 943.0585(2)(e).
AFFIRMED.
THOMPSON, C.J., and GRIFFIN, J., concur.

. Section 943.0585(2)(a)(2), Florida Statutes (1997), provides in pertinent part:
Court-ordered expunction of criminal history records, pursuant to subsection two
[[Image here]]
(2) CERTIFICATE OF ELIGIBILITY FOR EXPUNCTION — Prior to petitioning the court to expunge a criminal history record, a person seeking to expunge a criminal history record shall apply to the department for a certificate of eligibility for expunction .... The department shall issue a certificate of eligibility for expunction to a person who is the subject of a criminal history record if that person:
(a) Has obtained, and submitted to the department, a written, certified statement from the appropriate state attorney or statewide prosecutor which indicates:
1. That an indictment, information, or other charging document was not filed or issued in the case.
2. That an indictment, information, or other charging document, if filed or issued in the case, was dismissed or nolle prosequi by the state attorney or statewide prosecutor, or was dismissed by a court of competent jurisdiction.
(d) Has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation or adjudicated delinquent for committing a felony or a misdemeanor specified in s. 943.05l(3)(b).
(e) Has not been adjudicated guilty of, or adjudicated delinquent for committing, any of the acts stemming from the arrest or alleged criminal activity to which the petition to expunge pertains.

. Joinder of Offenses and Defendants, (a) Joinder of Offenses. Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misde *1151 meanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions. Fla. R.Crim. P. 3.150.