805 So.2d 1008 (2001)
Gregory K. BARFIELD, Appellant,
v.
DEPARTMENT OF HEALTH, Board of Dentistry, Appellee.
No. 1D00-1556.
District Court of Appeal of Florida, First District.
December 19, 2001.
Rehearing Denied February 1, 2002.
*1009 Stephen T. Maher of Stephen T. Maher, P.A., Miami, for Appellant.
William W. Large of Department of Health, Board of Dentistry, Tallahassee, for Appellee.
ERVIN, J.
Gregory Barfield, an applicant for dental licensure in the state of Florida, appeals the final order of the Department of Health, Board of Dentistry (Board), denying his application on the ground that he had failed the clinical portion of the Florida Dental License Examination. Barfield argues that the Board, as the reviewing agency of the administrative law judge's (ALJ) recommended order, had no substantive jurisdiction under section 120.57(1)(l), Florida Statutes (1999), to displace the ALJ's conclusion of law that certain grading sheets, which the Board had relied on in deciding that Barfield had failed the examination, were inadmissible hearsay. We agree that the Board lacked the substantive jurisdiction to take such action and, accordingly, reverse as to this issue. We affirm, however, that portion of the final order declaring that Barfield had not achieved a passing grade and refusing to certify him for licensure, on the ground that the grading sheets which revealed a failing score were admissible as a business-records exception to the hearsay rule.
Barfield, licensed as a dentist in California and Georgia, failed the clinical portion of the Florida dental license examination on three separate occasions. During the third examination, each of the three examiners prepared grading sheets for each procedure being tested, making notations thereon, which resulted in a failing grade for Barfield. When appellee denied Barfield's application for licensure after the final examination, Barfield challenged that decision and requested a formal administrative hearing under section 120.57(1), Florida Statutes (1999). The ALJ issued a *1010 recommended order, stating in the conclusion-of-law portion that the grading sheets submitted at the evidentiary hearing were hearsay that could not form the basis for a finding of fact as to what occurred during the examination.[1] The Department filed exceptions, arguing that the grading sheets should have been considered, because the ALJ had received them into evidence without objection and that the documents fell within the public-record exception to the hearsay rule. The Board, in entering its final order, determined that the ALJ erred in disregarding the grading sheets, which were admissible as business records or public records under section 90.803(6) or (8), Florida Statutes (1999).
Barfield contends on appeal that the Board has substantive jurisdiction over matters pertaining to dentistry alone, and that it was thus barred from rejecting an evidentiary conclusion of law by section 120.57(1)(l), which provides in pertinent part:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction.
He argues that under earlier versions of this provision, administrative agencies had broad authority to reject or modify conclusions of law, but that the 1999 amendment significantly narrowed that authority. We agree.
The jurisdictional issue before us requires a careful examination of both the legislative history and the judicial interpretations placed on the statute. In 1996, the legislature enacted a revision of chapter 120, Florida Statutes, most of which addressed the areas of rulemaking, rule implementation, and rule challenges. The final staff analysis, prepared after the bill's enactment by the House of Representatives Committee on Streamlining Governmental Regulation, began by stating: "This bill revises the Administrative Procedure [A]ct to clarify and simplify its provisions." Fla. H.R. Comm. on Streamlining Govtl. Regs., CS/SB 2290 & 2288 (1996) Staff Analysis 1 (final June 14, 1996) (on file at Florida Bureau of Archives & Records Mgmt.). In discussing the effect of the amendments to chapter 120, the committee expressly noted: "The revision itself made no substantive changes to the provisions of the Administrative Procedure Act." Id. at 21.
As part of the 1996 revisions, the legislature amended section 120.57(1)(b)(10), renumbered as section 120.57(1)(j), as follows:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order over which it has substantive jurisdiction.
(Added language underscored and deleted language struck through.) In a case involving construction of the new amendment, Department of Children & Families v. Morman, 715 So.2d 1076, 1077 (Fla. 1st DCA 1998) (Ervin, J., concurring), it was *1011 stated that the legislature's enactment had simply clarified the long-standing principle recognizing that an agency has the power to reject or modify the interpretation of a rule in the recommended order of an ALJ, but that the amendment did not affect an agency's existing authority to reject or modify an ALJ's conclusions of law. Id. at 1078. See, e.g., Munch v. Dep't of Prof'l Reg., 592 So.2d 1136, 1142 (Fla. 1st DCA 1992) ("While an agency must state `with particularity' why it is modifying or rejecting a hearing officer's findings of fact, no similar obligation exists with regard to conclusions of law."). Accord Fla. Pub. Employees Council 79, AFSCME v. Daniels, 646 So.2d 813, 815-16 (Fla. 1st DCA 1994); Harloff v. City of Sarasota, 575 So.2d 1324, 1327 (Fla. 2d DCA 1991). In his dissenting opinion in Morman, Judge Benton interpreted the 1996 amendment as "outlaw[ing] a referring agency's rejecting or modifying the administrative law judge's conclusions of law unless the referring agency has `substantive' jurisdiction.'" Morman, 715 So.2d at 1077.
Thereafter, in 1999, the legislature amended section 120.57(1)(j), renumbered as section 120.57(1)(l), so that it now provides:
The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified.
Ch. 99-379, § 6, at 3973-74, Laws of Fla. (added language underscored). The comments of the final staff analysis of the House of Representatives Committee, pertaining to the amendments in chapter 99-379, expressly cited and described the concurrence in Morman. It observed that the court in Morman had reversed the ALJ's dismissal of an administrative complaint alleging rule violations for lack of specificity, because the respondent had not objected on such ground and the transcript showed that the respondent was fully aware of the nature of the allegations against her. Id. at 4. The committee's analysis continued that the concurrence read the 1996 amendment in section 120.57(1)(j) to mean that an agency "may reject or modify any conclusion of law" in an ALJ's recommended order.
The amendment to section 120.57(1)(l), Florida Statutes (1999), adding the provision "over which it has substantive jurisdiction" immediately after the language forbidding agencies from rejecting or modifying conclusions of law, now appears to be a direct legislative response to the concurring opinion in Morman and an acceptance of Judge Benton's dissenting opinion therein. This language, in our judgment, is a clear departure from earlier provisions of the statute which had delegated broad authority to administrative agencies' determinations on whether to accept conclusions of law in a recommended order. See L.B. Bryan & Co. v. Sch. Bd. of Broward County, 746 So.2d 1194 (Fla. 1st DCA 1999); Deep Lagoon Boat Club, Ltd. v. Sheridan, 784 So.2d 1140 (Fla. 2d DCA 2001). We conclude, based upon this 1999 amended language, that the Board lacked substantive jurisdiction to reject the ALJ's conclusion of law that the grading sheets were inadmissible hearsay evidence; therefore, the Board's order in such regard is reversed.
*1012 Although the Board lacked the substantive jurisdiction to reject the evidentiary conclusion, and the Department should have initially sought review of the ALJ's evidentiary ruling in this court, see infra, at pp. 1012-13, the parties have nevertheless addressed the issue on the merits and we are not displaced from deciding the issue. See, e.g., Cantor v. Davis, 489 So.2d 18 (Fla.1986) (once an appellate court has jurisdiction, it may, if it considers it necessary to do so, decide any issue that may affect the case); Drains v. Drains, 627 So.2d 505 (Fla. 2d DCA 1993).
We agree with the Board that the grading sheets were admissible evidence under the business-records exception to the hearsay rule, and because the sheets disclose that Barfield had failed the clinical portion of the Florida Dental License Examination, he was not entitled to licensure.
Section 90.803(6)(a), Florida Statutes (1999), provides that the following documents are admissible under the hearsay exception:
RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY.
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness.
The Board's testimony regarding the preparation of the grading sheets clearly revealed that they were records of regularly conducted business activities. Among other things, the Board established that the forms were filled out by monitors in the regular course of the examination and that such written records were routinely completed and maintained following the examination. The evidence pertaining to the submission of the forms revealed that the examination was conducted in accordance with the Department of Health's normal testing and security procedures pursuant to Florida Administrative Code Rules 64B5-2.013 and 64B5-2.017. Rule 64B5-2.017(3) specifically provides that dental examiners may write "comments" on grading sheets to aid in documenting an applicant's failure. Such practice is in compliance with the business-records exception, particularly that portion permitting the use of opinions, if made near or at the time of the business activity reported. The evidence submitted also showed that the grading of the examination conformed with the requirements established in section 455.574, Florida Statutes (1999), relating to examinations for professions under the jurisdiction of the Department of Health, and section 466.006(4)(b)(1) Florida Statutes (1999), establishing the procedure for clinical dental examinations, which are required to be graded by dentists licensed in Florida and employed by the Department of Health for such purpose.
Thus, because the grading sheets were produced in accordance with statute and rule as a "regular practice of ... business activity," we agree with the Board that the grading sheets were admissible as business records, and, because the sheets disclose that Barfield did not pass the clinical portion of the dental examination, he was not entitled to licensure.
In reaching our decision, we are aware that an administrative agency may now be uncertain regarding what avenue of judicial *1013 review is available if it considers itself aggrieved by an ALJ's conclusions of law that are beyond the agency's substantive jurisdiction. Nevertheless, we cannot conceive that it was the legislature's intention, by reason of the 1999 amendments to section 120.57(1)(l), to make such conclusions immune from further review. If we were to interpret the statute as having such an effect, the ALJ, in a case such as this, would become the final decision-maker in determining the fitness of applicants for licensure, despite an agency's otherwise broad powers of regulation; in this particular case, the authority of the Board of Dentistry to license the practice of dentistry. See § 466.011, Fla. Stat. (1999). The amendments to section 120.57(1)(l), however, do not restrict our review powers over administrative action; indeed, we are authorized, among other things, to set aside such action if the "fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." § 120.68(7)(c), Fla. Stat. (1999).
Section 120.68(1), Florida Statutes (1999), providing the avenue of judicial review to parties adversely affected by agency action, implies that an agency harmed by recommended conclusions which it is powerless to reject has the option of either entering a final order under protest and thereafter appealing from its own order as a party adversely affected, or of seeking immediate judicial review from the ALJ's recommended order. The latter alternative is available only if "review of the final agency decision would not provide an adequate remedy" to the agency. § 120.68(1), Fla. Stat. (1999). In pertinent case law decided before the 1999 amendments restricted the agencies' powers of review, the courts implied that an immediate appeal from the ALJ's nonfinal order was the only appellate remedy open to an agency. See Fla. Dep't of Law Enforcement, Crim. J. Standards & Training Comm'n v. Dukes, 484 So.2d 645 (Fla. 4th DCA 1986); Cushing v. Dep't of Prof'l Regulation, Bd. of Dentistry, 416 So.2d 1197 (Fla. 3d DCA 1982). Reliance on these decisions is questionable, however, because at the time they were decided, an agency had the undoubted power to displace any conclusion of law with which it disagreed, and in Cushing the agency's cross-appeal of an ALJ's recommended conclusions was dismissed because the agency had unconditionally adopted the conclusions in its own final order; "the agency [was] thus essentially attempting to appeal from itself." Cushing, 416 So.2d at 1198.
We are of course not called upon in this opinion to decide what is the preferred appellate course to be followed by agencies affected by ALJs' conclusions that are by law removed from the agencies' own review. Due to the uncertainty, however, that attends the 1999 amendments to section 120.57, we respectfully commend to the legislature the adoption of a specific appellate remedy available to an agency that considers itself aggrieved by an ALJ's conclusions of law over which it does not have "substantive jurisdiction."
AFFIRMED in part, and REVERSED in part.
BOOTH, J., CONCURS.
ALLEN, C.J., DISSENTS WITH OPINION.
ALLEN, C.J., dissenting.
Because the Board has rejected a conclusion of law pertaining to evidentiary matters which are not within the Board's substantive jurisdiction, I would set aside the appealed order and remand this case to the Board for further proceedings. I *1014 would not address the other issues discussed by the majority.
NOTES
[1] The ALJ excluded the grading sheets pursuant to section 120.57(1)(c), which provides that "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." In so deciding, she overlooked another provision in the Administrative Procedure Act that states all "evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida." § 120.569(2)(g), Fla. Stat. (1999).