875 So.2d 1257 (2004)
G.E.L. CORPORATION, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., Appellees.
No. 5D03-13.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
Rehearing Denied July 1, 2004.
*1258 Dennis Wells of Webb, Wells, & Williams, P.A., Altamonte Springs, for Appellant.
Teri L. Donaldson, General Counsel and W. Douglas Beason, Assistant General Counsel, Department of Environmental Protection, Tallahassee, for Appellee Department of Environmental Protection.
William E. Reischmann, Catherine D. Reischmann and Virginia Cassady of Stenstrom, McIntosh, Colbert, Whigham, Reischmann & Partlow, P.A., Sanford, for Appellee Orange City.
SAWAYA, C.J.
We are here confronted with the arduous task of interpreting and applying certain provisions of Florida's Administrative Procedure Act. Specifically, we address *1259 those provisions relating to awards of attorney's fees and agency jurisdiction to correct what it considers an erroneous legal ruling by an Administrative Law Judge [ALJ] when the ruling concerns an area that may not fall within the umbra of the agency's "substantive jurisdiction." The issues we must resolve are: 1) whether an ALJ has jurisdiction to award attorney's fees under section 120.595, Florida Statutes (2000), when a notice of dismissal is filed before a formal hearing on the merits; and 2) whether an agency has "substantive jurisdiction" under section 120.57(1)(l), Florida Statutes (2000), to correct an erroneous legal ruling made by an ALJ regarding a party's entitlement to attorney's fees.
We will dispense with a discussion of the underlying facts because they are not necessary to the resolution of the issues; rather, the procedural history of this case will be the focal point of the discussion that follows. Thereafter we will discuss each issue in the order presented.

Procedural Background
G.E.L. Corporation [GEL] applied to the Florida Department of Environmental Protection [DEP] to renew its permit for operation of a construction and demolition debris facility in Orange City, Florida. Shortly after DEP issued a formal notice that it intended to issue the requested permit, Orange City filed a petition for a formal administrative hearing to challenge issuance of the permit. DEP referred the petition to the Department of Administrative Hearings, which assigned an ALJ to hear the matter. The ALJ issued a notice setting the final hearing date for June 3, 2002. In May, DEP issued two amended notices that it intended to issue the permit and, on the same day that DEP filed the second amended notice, GEL filed its motion for attorney's fees pursuant to section 120.595, Florida Statutes (2000). Immediately thereafter, and prior to the hearing date, Orange City filed its notice of voluntary dismissal. Orange City then filed a notice suggesting that DEP did not have subject matter jurisdiction to hear GEL's petition for attorney's fees.
The ALJ commenced a hearing on the petition for fees and, after several witnesses testified, the hearing was continued until a later date. A little over a month later, having never reconvened the hearing, the ALJ entered a recommended order of dismissal. In the order, the ALJ held that pursuant to section 120.595, a full evidentiary hearing on the merits of the petition filed by Orange City was a jurisdictional prerequisite to an award of fees under the statute. Because Orange City dismissed the petition before a full evidentiary hearing was completed, the ALJ reasoned that he did not have jurisdiction to proceed with the petition for attorney's fees. DEP subsequently adopted the ALJ's recommended final order of dismissal, including the ALJ's conclusion of law regarding jurisdiction. In its final order of dismissal, DEP stated that in its opinion, the ALJ was wrong as a matter of law in ruling that a full evidentiary hearing on the merits was a jurisdictional prerequisite to an award of fees under section 120.595. Nevertheless, DEP held that it was powerless to correct the error because, pursuant to section 120.57(1)(l), Florida Statutes (2000), the issue of attorney's fees did not fall within its substantive jurisdiction. It is from this order and these rulings that the issues we are asked to resolve emanate. The first issue is whether the ALJ was correct in ruling that a full evidentiary hearing is a jurisdictional prerequisite to an award of fees under section 120.595.

A Full Evidentiary Hearing Is Not A Jurisdictional Prerequisite To An Award Of Fees Under Section 120.595.
The ALJ did not recommence the hearing regarding GEL's petition for attorney's *1260 fees because he concluded that the dismissal of the underlying petition deprived him of jurisdiction, and he could proceed no further. This conclusion is premised on the provisions of sections 120.595(1)(b) and (c), Florida Statutes (2000), which state in pertinent part:
(b) The final order in a proceeding pursuant to s. 120.57(1) shall award reasonable costs and a reasonable attorney's fee to the prevailing party only where the non-prevailing adverse party has been determined by the administrative law judge to have participated in the proceeding for an improper purpose.
(c) In proceedings pursuant to s. 120.57(1), and upon motion, the administrative law judge shall determine whether any party participated in the proceeding for an improper purpose....
The pertinent language in the above-quoted paragraphs is that which refers to proceedings under section 120.57(1). Section 120.57(1) provides in pertinent part that "an administrative law judge ... shall conduct all hearings under this subsection." § 120.57(1)(a), Fla. Stat. (2000). Reading the provisions of sections 120.595 and 120.57 together, the ALJ came to the conclusion that a full evidentiary hearing adjudicating the merits of the underlying issues is a jurisdictional prerequisite to an award of fees under section 120.595. Orange City, advocating in favor of its interests as the potential payor of any award of fees, asserts the correctness of this ruling. While it agrees that sections 120.57(1) and 120.595(1)(b) should be considered together, GEL contends that a final order in a "proceeding" may refer to an order of dismissal and should not be restricted to an order rendered after a hearing on the merits of Orange City's petition. Hence, we must analyze these statutes and determine whether the terms "proceeding" and "hearing" are synonymous and refer to a full evidentiary hearing on the merits of the petition or whether "proceeding" connotes a different meaning and refers to the filing of the petition and order of dismissal prior to an evidentiary hearing.
Our ultimate goal as we begin our task of analyzing and construing the pertinent statutory provisions is to give effect to legislative intent. BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287 (Fla.2003). We begin by first considering the language of the statute. If the language is clear and unambiguous, we must apply the statutory provisions according to their plain meaning and as the Legislature wrote them. Id. If, however, the language is ambiguous, we must apply time-honored rules of statutory construction to divine legislative intent. Id.
A dictionary may be utilized to ascertain the plain meaning of a particular term. Rollins v. Pizzarelli, 761 So.2d 294 (Fla. 2000). Random House Dictionary has defined the term "proceeding" as "a legal step or measure: to institute proceedings against a person." The Random House Dictionary of the English Language 1542 (2d ed.1987) (unabridged) (emphasis added). The term "hearing" is defined as "an instance or a session in which testimony and arguments are presented, esp. before an official, as a judge in a lawsuit." Id. at 882. Hence a "proceeding" generally refers to the initiation of the judicial process, typically by filing a complaint or petition and may include the filing of a notice of dismissal. See Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970) (holding that the filing of a notice of dismissal by the plaintiff constitutes a "proceeding."). The term "hearing" generally means that part of the judicial process where evidence is presented and arguments are made to the court by the parties. Therefore, the two terms as they are written in the statutes, *1261 while not mutually repugnant, are not consistent and unambiguous. It is, therefore, not clear from the provisions of the statutes whether a full evidentiary "hearing" is a jurisdictional prerequisite to an award of fees under section 120.595. We therefore turn for guidance to the rules of statutory construction.
A basic tenet of statutory construction is that we construe statutes in a manner that does not lead to an absurd or ridiculous result. City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla.1983); Pavolini v. Bird, 769 So.2d 410 (Fla. 5th DCA 2000), review denied, 790 So.2d 1102 (Fla.2001). Another maxim is that we should strive to construe related statutes in harmony with one another. Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452 (Fla.1992). If that is not possible, and when "two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent." McKendry v. State, 641 So.2d 45, 46 (Fla. 1994) (citing Sharer v. Hotel Corp. of Am., 144 So.2d 813 (Fla.1962); State v. Ross, 447 So.2d 1380, 1382 (Fla. 4th DCA), review denied, 456 So.2d 1182 (Fla.1984)); see also State v. Parsons, 569 So.2d 437 (Fla.1990). Moreover, "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." McKendry, 641 So.2d at 46; see Barnett Banks, Inc. v. Department of Revenue, 738 So.2d 502 (Fla. 1st DCA 1999); Hudson v. State, 711 So.2d 244, 247 (Fla. 1st DCA 1998); see also State v. Raydo, 713 So.2d 996 (Fla.1998).
To construe the statutes as Orange City suggests would promote an unjust outcome in many instances. Future petitioners in contested permit proceedings could wait until immediately before a scheduled hearing to file a notice of voluntary dismissal and unjustly avoid the sanction of an attorney's fee pursuant to section 120.595. This would allow petitioners to file petitions to delay and cause unnecessary cost and expense to the other parties forced to prepare for a hearing on the merits that never takes place. Moreover, this would lead to an increase in the filing of meritless and frivolous petitions. In the order under review in the instant case, the Secretary of DEP expressed these same concerns:
I am troubled by the potential impact of this ruling of the ALJ on the environmental permitting process in this state. Based on this precedent, future petitioners in contested permit proceedings may avoid any possible liability for having to pay attorney's fees and costs under § 120.595(1) by simply filing notices of voluntary dismissals of their petitions immediately prior to the dates formal hearings are scheduled. This scenario could result in an increase in permit challenges initiated for the primary purpose of causing delays and increase the costs of the permit application review process.
We cannot conceive that the Legislature intended such absurd and ridiculous results when it enacted sections 120.595(1) and 120.57(1). Accordingly, we must reject the interpretation adopted by the ALJ and advanced by Orange City as not being in accord with legislative intent. Moreover, we note that under the rules of statutory construction, section 120.595(1), which contains the term "proceeding" and concerns the specific subject of attorney's fees, was enacted after section 120.57(1), which contains the term "hearing" and concerns the more generalized subject of contested agency actions. Therefore, the term "proceeding" utilized in section 120.595, as the latter-enacted, more specific statutory provision, prevails over the more general provision of section 120.57, which contains the *1262 term "hearing." Thus, the filing of a petition and subsequent order of dismissal prior to a hearing on the merits is a proceeding and is sufficient to trigger application of the attorney's fees provisions of section 120.595(1). This construction brings the provisions of both statutes in harmony with one another and expresses the legislative intent that originally animated the attorney's fee provisions of section 120.595.
Recent amendments to section 57.105, Florida Statutesanother attorney's fee statutelend further support to our conclusion. In 2003, the Legislature amended the provisions of section 57.105 to include the following:
In administrative proceedings under chapter 120, an administrative law judge shall award a reasonable attorney's fee and damages to be paid to the prevailing party in equal amounts by the losing party and a losing party's attorney or qualified representative in the same manner and upon the same basis as provided in subsections (1)-(4). Such award shall be a final order subject to judicial review pursuant to s. 120.68. If the losing party is an agency as defined in s. 120.52(1), the award to the prevailing party shall be against and paid by the agency. A voluntary dismissal by a non-prevailing party does not divest the administrative law judge of jurisdiction to make the award described in this subsection.

§ 57.105(5), Fla. Stat. (2003) (emphasis added). The highlighted provision was enacted "to address two administrative decisions in which the ALJ had ruled that he did not have statutory authority to enter a recommended order addressing entitlement to attorney's fees and costs when the underlying matter has been voluntarily dismissed."[1]
Our consideration of the newly enacted provisions of section 57.105 is fitting because the courts have consistently held that subsequently enacted legislation may indicate the Legislature's intent to clarify the law rather than change it.[2] This rule of statutory construction finds particular acceptance in instances where the subsequently enacted legislation comes soon after controversies arise over the meaning of an existing statute or soon after judicial interpretations of an existing statute[3] are *1263 rendered. Accordingly, the legislative response to the interpretation given section 120.595 in the administrative decisions just referred to clearly indicates that the Legislature did not agree with those interpretations and sought to clarify the meaning of the statute through the newly enacted provision to section 57.105.
We conclude the ALJ clearly erred when he ruled that dismissal of the petition prior to an adjudicatory hearing deprived him of jurisdiction to award fees under section 120.595(1). The next issue we must address is whether DEP had substantive jurisdiction to correct the error.

An Agency Does Not Have Substantive Jurisdiction Over The Legal Issue Relating To Attorney's Fees Under Section 120.595
In its order, DEP acknowledged that the ALJ erred in ruling he did not have jurisdiction to hear the petition for attorney's fees. However, DEP held that it was powerless to correct that decision because it did not have substantive jurisdiction to do so. DEP came to this conclusion based on section 120.57(1)(l), Florida Statutes (2000), which provides in pertinent part:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified.
(Emphasis added).
DEP held that its substantive jurisdiction extends over matters relating to environmental issues and not technical matters of law concerning jurisdictional issues that arise under statutory provisions relating to awards of attorney's fees. DEP is correct. See Doyle v. Department of Bus. Regulation, 794 So.2d 686 (Fla. 1st DCA 2001) (holding that an award of attorney's fees under a particular statute does not fall within the field of expertise of an agency). In Deep Lagoon Boat Club, Ltd. v. Sheridan, 784 So.2d 1140 (Fla. 2d DCA 2001), the court was confronted with a similar issue. There, the petitioner requested a permit from DEP to build a storm water management system. When DEP issued a notice that it intended to issue the permit, a neighbor of the petitioner requested an administrative hearing. The doctrine of collateral estoppel became an issue in the proceedings and formed a basis for the ALJ's recommended order denying the permit. The Secretary of DEP issued his final order *1264 adopting the recommended order with reservations concerning its jurisdiction to correct what it perceived were erroneous rulings by the ALJ. The Second District Court affirmed the final order, stating that "[a]s the Secretary correctly concluded, his substantive jurisdiction over environmental protection regulation does not extend to the ALJ's determination of whether collateral estoppel limited ... objections and review of the secondary impacts of the proposed stormwater management system." Id. at 1144.
In Barfield v. Department of Health, 805 So.2d 1008 (Fla. 1st DCA 2001), an applicant for dental licensure appealed the final order of the Department of Health, Board of Dentistry [the Board], denying his application on the ground that he had failed the clinical portion of the Florida Dental License Examination. The ALJ had ruled that certain grading sheets, which the Board had relied on in deciding that Barfield had failed the examination, were inadmissible hearsay and could not be used as evidence to show that Barfield failed the licensure examination. The Board issued its final order rejecting the ALJ's conclusion of law. The applicant argued, and the First District Court agreed, that the Board, as the reviewing agency of the ALJ's recommended order, had no substantive jurisdiction under section 120.57(1)(l), Florida Statutes (1999), to displace the ALJ's conclusion of law regarding the hearsay issue.
The court in Barfield examined in detail the legislative history of the provisions of section 120.57(1)(l). From examination of Barfield and our own review of the relevant statutory provisions, we conclude that the Legislature clearly intended to restrict agency review of legal conclusions in a recommended order to those that concern matters within the agency's field of expertise. We agree with the rationale of Barfield and Deep Lagoon. We are especially persuaded after review of the legislative history in Barfield, which clearly reveals the legislative intent to restrict agency review of conclusions of law in a recommended order in the manner prescribed by section 120.57(1)(l).
We acknowledge, as did the court in Barfield, that uncertainty exists regarding the avenues of review available to parties and agencies aggrieved by an ALJ's erroneous legal ruling that is not within the agency's substantive jurisdiction to correct. However, it is not for us to say whether we agree with the wisdom of the limited scope of review prescribed by section 120.57(1)(l) or whether we wish that it were more expansive. "[I]t is not the prerogative of this court to melt this statute and recast it in a mold of our choosing. The general principle which we must adhere to, simply put, requires this court to interpret legislation, not rewrite it." Jordan v. State, 801 So.2d 1032, 1034 (Fla. 5th DCA 2001) (citation omitted). Obliging this principle and the time honored rules of statutory construction that have guided us in our effort to resolve the issue before us, we must affirm that part of the order under review wherein DEP held that it did not have substantive jurisdiction to correct what it believed to be an erroneous legal ruling by the ALJ. The question arises, which we next address, whether this court has jurisdiction to correct this erroneous ruling.

Jurisdiction Of This Court To Correct The ALJ's Erroneous Ruling
The current posture of the instant case leaves an erroneous decision rendered by an ALJ intact unless this court has jurisdiction to correct it. Orange City argues that we do not have jurisdiction because the ALJ's recommended order of dismissal was directly appealable to this court and *1265 GEL should have initiated a direct appeal of that order prior to DEP's review.
We agree that GEL should have appealed the ALJ's order of dismissal directly to this court. See Barfield. Its failure to have done so does not, however, preclude relief, as demonstrated by Barfield. In Barfield, although the court held that the ALJ's erroneous ruling should have been directly appealed to the court, it nevertheless held that it had jurisdiction to review and correct that ruling because the parties had fully briefed and argued the issues involved, and once the court had jurisdiction, it could then decide any issue that affected the case. Like the parties in Barfield, the parties in the instant case fully argued the issue of the ALJ's jurisdiction after dismissal. Thus, once this court acquired jurisdiction over the Final Order of Dismissal rendered by DEP, this court properly considered the correctness, vel non, of the ALJ's ruling as an issue necessary to the correct resolution of the case. "[O]nce an appellate court has jurisdiction it may, if it finds it necessary to do so, consider any item that may affect the case." Westerheide v. State, 831 So.2d 93, 105 (Fla.2002) (citation omitted); see also § 120.68(6)(a), Fla. Stat. (2000) ("The reviewing court's decision may be mandatory, prohibitory, or declaratory in form, and it shall provide whatever relief is appropriate irrespective of the original form of the petition. The court may ... decide the rights, privileges, obligations, requirements, or procedures at issue between the parties."); Cantor v. Davis, 489 So.2d 18, 20 (Fla.1986); Barfield; State v. Hutchins, 636 So.2d 552 (Fla. 2d DCA 1994); Dralus v. Dralus, 627 So.2d 505, 508-09 (Fla. 2d DCA 1993).

Conclusion
The ALJ erroneously ruled that he lacked jurisdiction to hear GEL's petition for fees and DEP properly held that it did not have substantive jurisdiction to correct that error. This court, however, does have jurisdiction to correct the error. Accordingly, we reverse that part of the order under review that approves the ALJ's ruling and remand this case to the ALJ to conduct a hearing on GEL's petition for attorney's fees.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] Lawrence E. Sellers, Jr., The 2003 Amendments To The Florida APA, Fla. B.J., Oct. 2003, at 79.
[2] State ex rel. Szabo Food Servs., Inc. of NC v. Dickinson, 286 So.2d 529, 531 (Fla.1973) ("The mere [statutory] change of language does not necessarily indicate an intent to change the law for the intent may be to clarify what was doubtful and to safeguard against misapprehension as to existing law.") (citation omitted); Gay v. Canada Dry Bottling Co., Inc., 59 So.2d 788, 790 (Fla.1952) ("The court has the right and the duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation.") (quoting General Petroleum of Cal. v. Smith, 62 Ariz. 239, 157 P.2d 356, 360 (1945)); Equity Corp. Holdings, Inc. v. Department of Banking & Fin., Div. of Fin., 772 So.2d 588, 590 n. 7 (Fla. 1st DCA 2000) ("Courts are permitted to consider subsequent legislation as evidence of the legislature's intent in construing a statute.") (citations omitted); Gamble v. State, 723 So.2d 905, 907 (Fla. 5th DCA 1999) ("[O]ur courts have a duty to consider subsequent legislation in arriving at a correct interpretation of a prior statute.") (citations omitted); State Dept. of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering v. WJA Realty Ltd. P'ship, 679 So.2d 302 (Fla. 3d DCA 1996); see also K.H. v. State, 821 So.2d 1202 (Fla. 5th DCA 2002).
[3] See Palma Del Mar Condo. Ass'n No. 5 of St. Petersburg, Inc. v. Commercial Laundries of West Fla., Inc., 586 So.2d 315, 317 (Fla.1991) ("Consequently, it is appropriate for this Court to consider chapter 86-175, Laws of Florida, particularly since there had been a judicial interpretation after the original enactment of section 718.3025 which the legislature believed was contrary to its original intent."); Lowry v. Parole & Probation Comm'n, 473 So.2d 1248, 1250 (Fla.1985); Burgos v. State, 765 So.2d 967 (Fla. 4th DCA 2000); Matthews v. State, 760 So.2d 1148 (Fla. 5th DCA 2000); State v. Patterson, 694 So.2d 55 (Fla. 5th DCA 1997) (concluding that it is appropriate to determine legislative intent by considering a subsequent amendment enacted shortly after a judicial interpretation of the existing statute); Lincoln v. Florida Parole Comm'n, 643 So.2d 668, 672 (Fla. 1st DCA 1994); Brown v. MRS Mfg. Co., 617 So.2d 758 (Fla. 4th DCA 1993); State v. Nuckolls, 606 So.2d 1205, 1207 (Fla. 5th DCA 1992). As the court stated in Lowry, when "an amendment to a statute is enacted soon after controversies as to the interpretation of the original act arise, a court may consider that amendment as a legislative interpretation of the original law and not as a substantive change thereof." 473 So.2d at 1250.