# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1005
_____

C.N.G.,

Appellant,

v.

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, DIVISION OF
LICENSING,

Appellee.

_____


On appeal from the Division of Administrative Hearings.
W. David Watkins, Administrative Law Judge.

November 27, 2024


PER CURIAM.

In the order on appeal, the administrative law judge administratively closed the file on Appellant's case after the agency granted the permit Appellant had sought—but without ruling on Appellant's pending motion for attorney's fees. We have jurisdiction. § 120.68(1)(a)–(b), Fla. Stat. (permitting judicial review of final agency action and immediate review of intermediate orders of an ALJ or agency if review of final agency decision would be inadequate). The order closing the file operates

as a dismissal. *See Grosso v. HSBC Bank USA, N.A.*, 204 So. 3d 139, 141 (Fla. 4th DCA 2016) (holding circuit court's "administrative closure operated as a dismissal of the case") (On Combined Motion for Rehearing, Rehearing En Banc and for Certification to the Florida Supreme Court); *G.E.L. Corp. v. Dep't of Env't Prot.*, 875 So. 2d 1257, 1263 (Fla. 5th DCA 2004) (exercising jurisdiction and reasoning that ALJ retained jurisdiction to resolving pending motion for attorney's fees after pre-hearing dismissal of petition); *see also Town of Davie v. Santana*, 98 So. 3d 262, 262–63 (Fla. 1st DCA 2012) (reviewing appeal of fee denial for lack of jurisdiction where ALJ had closed case and relinquished jurisdiction).

On the facts presented, we hold that the ALJ erred in closing the file without resolving Appellant's pending motion for attorney's fees. Appellant did not request fees in his petition for a formal hearing, but did file a separate motion for fees and costs, and raised the fee issue in a joint status report. Both opposing parties filed responses arguing against awarding fees. The ALJ issued an order reserving ruling on the motion for fees and costs. In a status report advising the ALJ that the permit had been issued, Appellant asserted that he "maintains that there should be a full hearing on his motion for attorney's fees and costs." No further activity appears on the docket until issuance of the order closing the file two months after the status report was filed. The order did not mention the pending fee motion.

The agency argues Appellant should have done more to get a ruling on the pending fee motion, and is therefore barred from pursuing fees. Perhaps he could have done more, but on this record—particularly given the ALJ's express reservation of ruling on the pending motion for fees and costs prior to dismissal—we find that Appellant timely and adequately asserted his claim for fees. It appears that the ALJ's failure to address the pending motion was an oversight.

Although both parties argue in part the merits of the fee motion, we decline to address those issues before the ALJ has done so. *See Altee v. Duval Cnty. Sch. Bd.*, 990 So. 2d 1124, 1130 (Fla. 1st DCA 2008) (explaining "[a]t the very least, due process requires the ALJ to hold a hearing to afford the parties an

2

opportunity to present evidence"); *see also G.E.L. Corp.,* 875 So. 2d at 1259, 1265 (remanding case for ALJ to hold a hearing on fees).

REVERSED and REMANDED.

KELSEY and M.K. THOMAS, JJ., concur; B.L. THOMAS, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Noel Flasterstein of Noel H. Flasterstein, P.A., Hollywood, for Appellant.

Sean Garner, General Counsel, and Michael T. McGuckin, Senior Attorney, Department of Agriculture and Consumer Services, Tallahassee, for Appellee.