688 So.2d 981 (1997)
James L. ESSENSON and Linda S. Essenson, Robin Hannon and Michael Hannon, Sandy Everly and Charles Everly, Appellants,
v.
POLO CLUB ASSOCIATES, a Florida General Partnership, Appellee.
No. 96-01951.
District Court of Appeal of Florida, Second District.
February 26, 1997.
James L. Essenson, pro se.
Carl E. Patrick, Jeffrey A. King, Sarasota, for Appellants.
Charles J. Bartlett and Andrew K. Fritsch of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellee.
SCHOONOVER, Acting Chief Judge.
The appellants, James L. Essenson, Linda S. Essenson, Robin Hannon, Michael Hannon, *982 Sandy Everly, and Charles Everly challenge a summary judgment entered in favor of the appellee, Polo Club Associates, a Florida general partnership.[1] We reverse.
Huntley Lane Associates and Polo Club own adjacent parcels of property in Sarasota County, Florida. The instant dispute arose after Polo Club's petition to rezone its property so as to allow it to increase the number of residential units it could develop on each acre of its land was denied. Polo Club filed an action in the circuit court seeking to have that denial reviewed and reversed. After Huntley Lane Associates indicated that it was going to seek intervention in Polo Club's action against Sarasota County because its property rights would be affected by any rezoning, the parties entered into an agreement (the agreement) attempting to resolve their differences.
The agreement provided that Huntley Lane Associates would not interfere with Polo Club's development of its property if Polo Club complied with all of the terms in the agreement. Polo Club consented to certain development restrictions, including a buffer zone, if the property was zoned to permit nine residential dwelling units per acre. The buffer zone was located in the area where the parties' property joined. The parties also agreed that the conditions of the agreement would be presented to the Sarasota County Commission as mutually acceptable stipulations to the rezoning of the property and that the agreement was intended to be a restrictive covenant binding the property in perpetuity. Pursuant to the agreement, Huntley Lane Associates did not oppose Polo Club's action, and the property was rezoned to allow nine residential dwelling units per acre.
Several years later, contrary to the agreement, Polo Club began clearing land in the area which was designated a buffer zone in the agreement. Polo Club also sought to once again rezone the property and, according to the rezoning petition, planned on placing structures and excavated storm water retention areas within the buffer area. In response, Huntley Lane Associates filed an action seeking an injunction and damages for violation of the agreement. The trial court entered a final partial summary judgment enjoining Polo Club from violating the conditions of the agreement. The court held that the agreement was supported by consideration and the fact that Polo Club did not follow through on its original development plans did not give it the right to violate the terms of the agreement.
Polo Club did not appeal the final judgment, but several months later, after its rezoning request had been granted, filed the instant action seeking a declaratory judgment concerning its rights and duties under the agreement and also seeking to vacate or modify the injunction that had been entered. Count I of Polo Club's complaint alleged that because the property had been rezoned and once again only allowed 4.5 residential units per acre, the condition precedent to its acceptance of the conditions of development of the property, i.e. zoning for nine residential units per acre, no longer existed, and therefore, the conditions of development no longer applied to the property. Count II of the complaint alleged that because of the changes in the use of the property, it was no longer equitable to maintain the permanent injunction that had been entered in the previous action.
In response to motions for summary judgment filed by both parties, the court granted Polo Club's motion as to count I of the complaint and denied it as to count II. The court held that Polo Club was only required to abide by the conditions of development in the agreement if the property was zoned to allow nine residential units per acre. Therefore, the court said that since the property had been rezoned so that only 4.5 residential units per acre could be constructed, Polo Club no longer had to comply with the conditions of the agreement. Huntley Lane Associates filed a timely notice of appeal.
We agree with Huntley Lane Associates' contention that once the property was zoned in accordance with the parties' original intentions, *983 the condition precedent had been met and the conditions of development attached to the land. Furthermore, the fact that the property was subsequently rezoned did not remove those conditions.
In the injunction action brought by Huntley Lane Associates, the trial court found that the agreement entered into by the parties was supported by adequate consideration, that all conditions precedent had been met and that Polo Club was not excused from performing the agreement because it chose not to follow through with its development plans. Huntley Lane Associates first contends the doctrines of res judicata and collateral estoppel are applicable in this case and that the injunction enjoining Polo Club from violating the terms of the agreement determined the validity of the agreement and the question cannot be relitigated.
In order for the doctrine of res judicata to apply there must in each case be, (1) an identity of the thing sued for, (2) an identity of the cause of action, (3) an identity of parties, and (4) an identity of the capacity of the parties. West v. Kawasaki Motors Mfg. Corp., 595 So.2d 92 (Fla. 3d DCA), rev. denied, 604 So.2d 489 (Fla.1992). Polo Club concedes that if the zoning applicable to the property had not been changed and if there were no other significant changes, res judicata might have barred this action. Polo Club contends, however, that the rezoning of the property caused the condition precedent, i.e. the zoning for nine residential units per acre, to fail and that such a change in circumstances overcomes the effect of res judicata. Although we agree that the question of the cancellation of a restrictive covenant because of changed circumstances can be litigated even though the validity of the agreement in question has already been litigated, res judicata prohibits us from considering the question of the validity of the agreement itself.
In order to obtain the benefit of the doctrine of collateral estoppel, it is necessary to establish that: (1) the parties and issues are identical, (2) the matter has been fully litigated, (3) a final decision has been rendered, (4) by a court with jurisdiction to decide the matter. Husky Indus., Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982). Polo Club contends that the issue in the instant case involves the question of the status of the original condition precedent in light of the rezoning of its property, and since the rezoning occurred after the first action, the matter has not been fully litigated. Once again, to the extent that the enforcement of a restrictive covenant can be affected by changed circumstances, we agree with Polo Club that we can consider the effect of the rezoning. We decline, however, to consider a matter that has already been fully litigated, i.e. the validity of the parties' original agreement.
Huntley Lane Associates contends that even if we hold, as we do, that res judicata and collateral estoppel do not prohibit us from considering the enforcement of a restrictive covenant when there has been changed circumstances, since the validity of those covenants has been determined, the changed circumstances in this case do not permit the cancellation of the covenant. We agree.
We first reject Polo Club's efforts to have this court indirectly determine the validity and meaning of the agreement by considering the contention that the change of zoning caused the condition precedent which had already been upheld to have failed. In order to consider this contention, we would have to determine that the covenant was only enforceable while the property was zoned a particular way, rather than apply the clear meaning of the agreement, i.e. the restrictive covenant came into being once the property was zoned in a certain manner and subsequent changes in zoning, other than as hereinafter discussed, had no effect on the covenant.
Although restrictive covenants can be cancelled or modified, the law does not permit cancellation of property restrictions for the purpose of accommodating the best or most profitable use of a particular piece of property affected by the restriction. As in AC Assocs. v. First Nat'l Bank, 453 So.2d 1121 (Fla. 2d DCA 1984), Polo Club has shown changed circumstances by showing a change of zoning which affects the use of its property, but has failed to carry its burden of *984 showing that the change occurred, (1) after the agreement, (2) without any fault on its part, and (3) that the change destroyed all value of the covenant. In AC Assocs., 453 So.2d at 1127, we said:
[I]n an action to cancel a restrictive covenant the test is whether or not the covenant is valid on the basis that the original intention of the parties can be carried out despite alleged materially changed conditions or, on the other hand, whether the covenant is invalid because changed conditions have frustrated the object of the covenant without fault or neglect on the part of the party who seeks to be relieved from the restrictions.
If a restriction on the servient estate, as here, was for the benefit of, and is still of substantial value to, the dominant estate, it will be enforced regardless of changed conditions. AC Assocs., 453 So.2d at 1127.
In this case the property is no longer zoned to accommodate nine residential units per acre, but the zoning change was at the request of Polo Club and not at the request of Huntley Lane Associates or anyone else. The covenant retains its value to Huntley Lane Associates and must be enforced in this case.
Accordingly, since the agreement was not mutually modified, since any changes in conditions were as a result of the actions of Polo Club and since the covenant continues to provide benefits, the court erred in entering a summary judgment in favor of Polo Club and should have entered one in favor of Huntley Lane Associates. We reverse and remand for the entry of that judgment.
Reversed and remanded with instructions.
QUINCE and WHATLEY, JJ., concur.
NOTES
[1] In the agreement under consideration in this appeal, the appellants are referred to as Huntley Lane Associates and the appellee is referred to as Polo Club. We will refer to the parties in the same manner.