784 So.2d 1140 (2001)
DEEP LAGOON BOAT CLUB, LTD., Appellant,
v.
Brenda B. SHERIDAN and State of Florida Department of Environmental Protection, Appellees.
No. 2D00-573.
District Court of Appeal of Florida, Second District.
February 21, 2001.
Rehearing Denied April 6, 2001.
*1141 Mark A. Ebelini of Humphrey & Knott, P.A., Fort Myers, for Appellant.
Teri L. Donaldson, Francine M. Folkes, Department of Environmental Protection, Tallahassee, for Appellee Florida Department of Environmental Protection.
Thomas W. Reese, St. Petersburg, for Appellee Brenda B. Sheridan.
CASANUEVA, Judge.
The appellant, Deep Lagoon Boat Club, Ltd. [Deep Lagoon] is the owner and operator of a marina on the shores of a lagoon of the same name, a natural and largely mangrove-lined arm of the Caloosahatchee River in Lee County, Florida. Deep Lagoon requested an environmental resource permit to build a stormwater management system on its property. When, after lengthy hearings and detailed recommended and final administrative orders, its request was denied, it appealed. We commend the parties for an excellent presentation of the extraordinarily complex and intertwined legal and factual issues in this esoteric context. The basic issue before us is whether the Secretary of the Department of Environmental Protection correctly exercised his authority in concurring with the administrative law judge's (ALJ) recommendation to deny Deep Lagoon the permit. We find that he did and, thus, affirm. In holding that the Secretary did properly exercise that authority, we write only to address a narrower, but in this particular instance, important issue: Did the Secretary correctly recognize that he did not have the authority to review the ALJ's decision to refuse to apply the principle of collateral estoppel or res judicata to the scope of Ms. Sheridan's objections to the permit based on secondary impacts? We also find that the Secretary correctly determined that he did not have that authority in this case in light of the 1999 amendment[1] to section 120.57(1)(l), Florida Statutes, that circumscribed *1142 an agency head's authority to review only those legal rulings that are within the agency's "substantive jurisdiction."[2] That legal determination was not one that involved the Department's area of expertise but, rather, required applying a legal concept typically resolved by judicial or quasi-judicial officers. Although the Secretary possesses many powers in conjunction with the exercise of the Department's substantive jurisdiction, the power to reverse the ALJ's decision not to apply collateral estoppel is not one of them.
Deep Lagoon had previously received a permit from the Department of Environmental Protection's predecessor to build a stormwater management system that would allow it to expand. However, for various reasons not pertinent here, this permit expired before the system could be built. Deep Lagoon was thus forced to apply anew, which it did. In November 1998 the Department issued a notice that it intended to issue the permit to Deep Lagoon as requested. Appellee Brenda Sheridan, a neighbor on the lagoon, opposed this renewed effort, as she had opposed the previous permit. She received permission to intervene in the proceedings and requested a formal administrative hearing to challenge the proposed permit. A pivotal issue before the ALJ became the secondary impacts of the requested system and the effect of the original permit on the secondary impact question.[3] This became pivotal because Deep Lagoon argued at the hearing that Ms. Sheridan was collaterally estopped to raise secondary impacts again because they had been determined in the proceedings that culminated in the prior permit, and thus were res judicata. Ms. Sheridan responded that she was not collaterally estopped and the issue was not res judicata because in the intervening time period the rules protecting the environment had been changed and strengthened.[4]See Fla. Admin. Code R. 40E-4.301, *1143 R. 40E-4.302. She argued that the secondary impacts had to be reevaluated under these changed circumstances.
Following three days of hearing in May 1999 and February 2000, the ALJ issued his recommended order that the permit be denied. He additionally found that Ms. Sheridan was not collaterally estopped from addressing the scope of the secondary impacts of the requested permit in light of changed conditions. The Secretary subsequently issued his final order upholding the ALJ's recommendation to deny the permit, although the Secretary found that certain factual findings of the ALJ were not supported by the record. We reproduce here the Secretary's analysis and conclusion because he succinctly stated the issue:
I am constrained by recent amendments to the Florida Administrative Procedure Act from rejecting these mixed findings and conclusions of the ALJ by concluding that res judicata and/or collateral estoppel are applicable to this case to limit the scope of the "secondary impacts" review of Applicant's proposed [stormwater management system]. Prior to the 1999 amendment to § 120.57(1)(l), F.S., the case law of Florida uniformly held that reviewing agencies were free to reject conclusions of law set forth in DOAH recommended orders. However, the enactment of Ch. 99-379 § 6, Laws of Florida (1999), expressed the Legislature's clear intent that a reviewing agency could thereafter only reject conclusions of law in a recommended order "over which it has substantive jurisdiction." Without further judicial guidance, I am not convinced that the general legal principles involved in a determination of whether or not res judicata or collateral estoppel applies to a specific administrative proceeding are matters over which the Department currently has "substantive jurisdiction."
Despite my disagreement with the ALJ, I thus conclude that I no longer have clear statutory authority to reject these challenged legal conclusions as to the purported inapplicability of collateral estoppel to limit the scope of the "secondary impacts" review of Applicant's [stormwater management system].
. . . .
However, I did not reject the ALJ's conclusion that the doctrine of "collateral estoppel" was not applicable in this case to bar [Ms. Sheridan] from claiming that the increased number of boats and other Marina additions authorized in the Original Permit are "secondary impacts" of the [stormwater management system] at issue in this case based on the original *1144 Sheridan litigation. Thus, the ALJ's findings and ultimate conclusion that Applicant failed to provide reasonable assurance that the operation of the [stormwater management system] would not cause adverse "secondary impacts" to manatees and to water quality due to the increased boating activity and building expansion at the Marina site were left intact.
The Secretary also agreed with the ALJ that Deep Lagoon had failed to comply with the provisions requiring it to explore design modifications to the stormwater management system to eliminate or reduce the potential adverse impacts to surface water functions based on the ALJ's broad scope of review of secondary impacts.
As the Secretary correctly concluded, his substantive jurisdiction over environmental protection regulation does not extend to the ALJ's determination of whether collateral estoppel limited Ms. Sheridan's objections and review of the secondary impacts of the proposed stormwater management system. The Department, although denominated an appellee before us, is substantively aligned with Deep Lagoon, and argues that the Secretary's reading of his authority in light of amended section 120.57(1)(l), Florida Statutes (1999), is too restrictive. The Department argues that the application of the doctrine of collateral estoppel in this case depends on substantive facts regarding changed conditions over which the agency does have putative administrative expertise. This argument goes to a broader issue than the one we address, and, in the narrower context of this discussion, it is somewhat misleading. It is true that part of this case involves substantive facts to which changed environmental protection rules were applied. That is the general basis for the affirmance in this case as in the traditional administrative appeal. We write only to point out the limits of the Secretary's substantive jurisdiction vis-a-vis the legal principle of collateral estoppel in light of amended section 120.57(1)(l), Florida Statutes (1999).
In this case, and unfettered by the application of collateral estoppel to the scope of the secondary impacts of the proposed stormwater management system, the ALJ simply applied the law, as outlined in recently amended administrative rules 404.301 and 40E-4.302, to the facts that he found constituted the secondary impacts. Despite a conclusion by the Secretary that some, but not all, of the ALJ's factual findings were not supported by the record, a conclusion with which we do not take issue here, it is telling that the Secretary left intact many of the ALJ's findings and his ultimate conclusion. Most importantly, the Secretary left intact the ALJ's finding that Deep Lagoon had failed to provide reasonable assurance that the operation of the stormwater management system would not cause adverse secondary impacts to manatees and to water quality due to the increased boating activity and building expansion at the site. Thus, the Secretary ratified a conclusion of law over which his department does have substantive jurisdiction and did not disturb the ALJ's legal decision not to apply the doctrine of collateral estoppel, a matter over which his agency does not have substantive jurisdiction. As the Secretary affirmed the ALJ, we affirm the Secretary.
Affirmed.
PATTERSON, C.J., and ALTENBERND, J., concur.
NOTES
[1] Chapter 99-379, section 6, at 3793-94, Laws of Florida, provides as follows (new language underscored):

Section 6. Paragraph (l) of subsection (1) of section 120.57, Florida Statutes, 1998 Supplement, is amended to read:
120.57. Additional procedures for particular cases.
(1) ADDITIONAL PROCEDURES APPLICABLE TO HEARINGS INVOLVING DISPUTED ISSUES OF MATERIAL FACT.
(l) The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
[2] "Jurisdiction" may not be the best word the legislature could have chosen in this context as it has other connotations, such as is used in the judicial branch of government, and is a term of art in many of them. The phrase "administrative authority" or "substantive expertise" may provide a better definition of an administrative department's now more limited scope of review. We continue to use the phrase "substantive jurisdiction" because that is how the statute, section 120.57(1)(l), Florida Statutes (1999), currently reads.
[3] Secondary impacts are impacts caused not by the construction of the project itself but by "other relevant activities very closely linked or causally related to the construction of the project." See Conservancy, Inc. v. A. Vernon Allen Builder, Inc., 580 So.2d 772, 777 (Fla. 1st DCA 1991); Florida Power Corp., Inc. v. Department of Environmental Regulation, 605 So.2d 149, 152 (Fla. 1st DCA 1992). Some of the secondary impacts Ms. Sheridan was concerned about related to increased motorboat traffic and resulting hazards to the manatee population in these coastal waters.
[4] Gordon v. Gordon, 59 So.2d 40, 44 (Fla. 1952), distinguished res judicata from collateral estoppel:

The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issuesthat is to say points and questionscommon to both causes of action and which were actually adjudicated in the prior litigation.
See also Essenson v. Polo Club Associates, 688 So.2d 981 (Fla. 2d DCA 1997). In Essenson, we found that neither doctrine precluded us from considering the effect of an agreement, imposing a restrictive covenant on a certain parcel of property entered into in a prior cause between the same parties, to the extent that the enforcement of the restrictive covenant was affected by changed circumstances, namely, a rezoning of the property.
The two doctrines are equally applicable to administrative proceedings. See Thomson v. Dep't of Envtl. Regulation, 511 So.2d 989 (Fla. 1987); Brown v. Department of Prof'l Regulation, 602 So.2d 1337 (Fla. 1st DCA 1992); Walley v. Florida Game & Fresh Water Fish Comm'n, 501 So.2d 671 (Fla. 1st DCA 1987).