799 So.2d 1076 (2001)
AND JUSTICE FOR ALL, INC. d/b/a/ Legal Club of America, Appellant,
v.
FLORIDA DEPARTMENT OF INSURANCE, Appellee.
No. 1D00-2049.
District Court of Appeal of Florida, First District.
September 26, 2001.
Rehearing Denied November 21, 2001.
*1077 Susan L. Kelsey, Thomas J. Jones, and Jennifer Parker LaVia of Holland & Knight LLP, Tallahassee, for Appellant.
Richard A. Grumberg, Senior Attorney, Division of Legal Services, Tallahassee, for Appellee.
BARFIELD, J.
And Justice for All, Inc. d/b/a/ Legal Club of America (Legal Club), appeals a final order of the Department of Insurance (Department) directing Legal Club to cease and desist the sale and transaction of legal expense insurance in Florida. We reverse.
On December 31, 1997, the Department issued a Notice of Intent to issue Cease and Desist Order, alleging that Legal Club is selling legal expense insurance without being properly licensed. Section 642.015(5) provides that "legal expense insurance" means
a contractual obligation to provide specific legal services, or to reimburse for specific legal expenses, in consideration of a specified payment for an interval of time, regardless of whether the payment is made by the beneficiaries individually or by a third person for them, but does not include the provision of, or reimbursement for, legal services incidental to other insurance coverages.
The case was transferred to the Division of Administrative Hearings and the parties agreed to submit the case on a stipulated record.
The administrative law judge (ALJ) in the recommended order found that all legal expense insurance companies licensed in Florida share a common characteristic that distinguishes them from Legal Club: they all either reimburse policyholders for legal expenses incurred or pay attorneys to provide legal services to policyholders. The ALJ found that Legal Club does not provide specific legal services, nor does it reimburse for specific legal services. Accordingly, the ALJ concluded Legal Club was not subject to regulation by the Department.[1]
*1078 The Department issued a Final Order rejecting several of the ALJ's findings of fact and conclusions of law and determined that Legal Club is selling legal expense insurance without proper licensure. The Department noted that Legal Club's marketing materials and guidebooks provide not just a referral to an attorney, but a referral to an attorney who will provide certain free and discounted services to members. It was determined that Legal Club has a contractual obligation to its plan members to provide specific free and discounted legal services through a plan attorney, in return for which Legal Club receives an annual membership fee from plan members, and Legal Club was therefore subject to regulation under Chapter 642:
This is true because [Legal Club] need not employ attorneys or otherwise directly perform legal services in order to "provide" legal services. Rather, through the agreement it enters into with its plan members, [Legal Club] "provides" its members with the promised free and discounted legal services through a referral to a plan attorney who has agreed to abide by the fee schedule set forth in the Plan Member Guidebook, which contains the provisions of the agreement entered into by Respondent and its members. It is the provision of the specified free and discounted legal services by Respondent which brings its activities within the definition of "legal expense insurance."
In cases involving the scope of an agency's regulatory jurisdiction, stricter scrutiny is undertaken by the reviewing court and less deference is given to the agency's interpretation, especially in cases where an agency is departing from the traditional definition of a word (as in this case, where the agency's interpretation departs from traditional concepts of what constitutes insurance). See Cataract Surgery Ctr. v. Health Care Cost Containment Bd., 581 So.2d 1359 (Fla. 1st DCA 1991). Additionally, a court need not defer to an agency's construction or application of a statute if special agency expertise is not required. See Bd. of Trs. of Northwest Fla. Cmty. Hosp. v. Dep't of Mgmt. Servs., Div. of Ret., 651 So.2d 170, 173 (Fla. 1st DCA 1995). Determination of whether there is a contractual obligation to provide a specific service does not require expertise in the field of insurance. Thus, the Department's construction or application of the definition of "legal expense insurance" is not due any deference from this court under the present circumstance.
The Department erroneously rejected the administrative law judge's finding of fact that Legal Club provides only a referral and does not provide specific legal services or reimburse for specific legal expenses, because the finding was supported by competent, substantial evidence. Southpointe Pharmacy v. Department of Health and Rehabilitative Services, 596 So.2d 106 (Fla. 1st DCA 1992). The basics of the plans at issue are that a club member pays an annual membership fee and receives a referral from Legal Club to a plan attorney who has agreed to abide by a schedule of free and discounted services. When a legal issue arises, the member contacts the attorney directly. The plan members are also responsible for payment directly to attorneys of all legal fees incurred. Legal Club does not pay participating attorneys any fee for accepting referrals or for participating in the plan. The only thing Legal Club provides to plan *1079 members is a referral to a plan attorney.[2] Legal Club operates more like a purchasing cooperative, in which the combined purchasing power of its members is connected to attorneys willing to offer a limited number of free and discounted services in order to obtain new clients.
Because competent substantial evidence supported the ALJ's finding that Legal Club only provided a referral, the Department improperly rejected that determination. Accordingly, the order on appeal is REVERSED and the cause REMANDED for the entry of an order consistent with this opinion.
WOLF and POLSTON, JJ., concur.
NOTES
[1] The judge found alternatively that Legal Club is a lawyer referral service authorized by The Florida Bar and therefore would be exempt from Department regulation even if it were selling legal expense insurance. In the final order, it was determined that Legal Club is not exempt as a lawyer referral service authorized by The Florida Bar. Because resolution of this issue is not necessary to our holding, we do not address this issue.
[2] As noted by Legal Club, the fees charged plan members are fixed at a predetermined rate that is not affected by how frequently plan members seek legal services from plan attorneys nor the amount of fees members pay to plan attorneys for legal services they provide. The plans do not have any limitations on usage or waiting periods, and do not exclude pre-existing legal problems. Legal Club does not reimburse plan members for legal fees. Legal Club does not assume any risk of loss and does not indemnify members for a loss, as an insurance company would.