865 So.2d 528 (2003)
Brett STEWARD, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D03-0651.
District Court of Appeal of Florida, First District.
December 11, 2003.
Rehearing Denied February 12, 2004.
*529 Gordon B. Scott, Advocacy Center for Persons With Disabilities, Inc., Tallahassee, for Appellant.
Ralph J. McMurphy, Wildwood, for Appellee.
HAWKES, J.
Appellant, Brett Steward, had previously been found eligible to receive benefits through the Developmental Disabilities Home and Community-Based Waiver Program (DDHP). He is ten years old, mildly retarded, has Spina Bifida, Hydrocephalis, a hearing deficit, significant kidney disease, a urostomy for bladder elimination and a colostomy for bowel elimination. He is incontinent, and uses diapers due to occasional urine leaking, and uses a wheelchair because he has no use of his lower extremities.
Steward appeals a final order entered by the Department of Children & Families (DCF), denying his request to remove heavy pile carpeting in his home, and replace it with ceramic tile or linoleum. Since Steward lacks upper body strength, the carpeting forced him to obtain assistance in pushing his wheelchair to access the various rooms in his home. Without assistance, he was forced to crawl on his stomach, using his elbows to propel himself. DCF denied Steward's request due to their belief that replacement of floor coverings was excluded under the Developmental Services Waiver Services Medicaid Coverage and Limitations Handbook (Handbook), and no exceptions were permitted. We reverse and remand.
An environmental modification assessment of Steward's home was performed at the request of his support coordinator, and Janice Bloom, Steward's grandmother and guardian. DCF was advised by Steward's support coordinator that the carpeting should be replaced with a new solid surface to enable Steward to use his wheelchair independently, alleviate the unsanitary and odiferous conditions caused by his incontinence, and minimize his exposure to harmful bacteria. A doctor and an Advanced Registered Nurse Practitioner from Shands Hospital opined that the removal of the carpeting in Steward's home, and its replacement with tile or linoleum, was medically necessary. After DCF denied Appellant's request on grounds that replacement of floor coverings was not covered under the DDHP, an administrative hearing was held.
At the hearing, Steward's counsel conceded the Handbook, addressing Environmental Accessability Adaptations (EAAs), excludes carpeting and flooring, but argued *530 exceptions were permissible. DCF's expert witness, Martin Reid, admitted waivers are permitted, but testified he did not request a waiver. Following Reid's testimony, the hearing officer asked Reid if the Handbook contained a provision which would permit a waiver in this case. Reid testified he was "not familiar with it." The hearing officer clarified Reid's answer, then stated "if there is a provision which would allow an exception, then I think [DCF] probably should haveshould have taken that avenue."
Subsequently, a Final Order was entered which concluded the Handbook identifies EAAs which are not covered through the DDHP, and replacement of floor coverings is not covered. For this reason, the hearing officer affirmed DCF's denial of Appellant's request to replace the carpeting in his home with tile or linoleum.
An agency's final order based on a conclusion of law is subject to de novo review. See Parlato v. Secret Oaks Owners Ass'n, 793 So.2d 1158 (Fla. 1st DCA 2001). A review of the excerpts of the Handbook contained in the record indicates EAAs which are of "general utility and are not of direct medical or remedial benefit to the beneficiary, such as carpeting,..." are excluded from coverage. Dept' of Children & Families, Developmental Servs. Waiver Servs. Fla. Medicaid Coverage & Limitation Handbook at 2-36 (emphasis added). Here, replacement of Steward's carpeting with tile would have a direct medical or remedial benefit. Thus, based on the plain language of the Handbook, flooring replacement in this case would not be excluded from coverage, and an exception would not be required.
However, to the extent an exception is necessary, it is available through the terms of the Handbook, which provides in pertinent part that:
[EAAs] are approved when they are medically necessary. The Department must approve exceptions. To submit an exception request, the appropriate professional must complete an assessment documenting how the specific EAA is medically necessary, how it's directly related to the beneficiary's developmental disability, how it's directly related to accessibility issues within the home, and how, without the selected EAA, the beneficiary cannot continue to reside in their current residence. The request will be reviewed by an appropriate, qualified professional to determine whether the standards for medical necessity set forth in Chapter 59G-1.010(166), F.A.C., are met and to determine whether the requested item fairly meets the service definition.
Id. at 2-37. The only reasons DCF gave for denying Steward's request were that floor covering replacement was excluded under the Handbook, and no exceptions were permissible. DCF erred in both conclusions.
When the hearing officer was told floor covering changes were not permitted, even in a case where the requested change was supported by competent, substantial evidence that it was medically necessary, he specifically asked about exceptions. Clearly, exceptions to the policy are available. Because DCF was neither aware of, nor did it consider any exception, and the hearing officer indicated exceptions should have been considered had they been available, the hearing officer erred by denying Steward's request based solely on the ground that floor covering replacement is excluded.
Accordingly, we reverse the Final Order and remand for DCF to review Steward's request to determine whether, under these circumstances, an exception is even required, *531 and if so, to conduct proceedings to determine whether Steward's request falls within the exception permitted.
REVERSED and REMANDED for proceedings consistent with this opinion.
BROWNING and POLSTON, JJ., concur.