930 So.2d 867 (2006)
Madonna Sue Jervis WISE, Appellant,
v.
DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 2D05-4490.
District Court of Appeal of Florida, Second District.
June 23, 2006.
*868 Madonna Sue Jervis Wise, pro se.
Thomas E. Wright, Senior Attorney, Department of Management Services, Tallahassee, for Appellee.
CASANUEVA, Judge.
Madonna Sue Jervis Wise, a retired public school teacher, appeals from a denial of service credit by the Department of Management Services, Division of Retirement, that reversed an administrative law judge's grant of the credit. We reverse.
Mrs. Wise was an employee of Florida's public school system for over thirty years, during which she served variously as a classroom teacher, county-level administrator, grant writer, and school principal. She planned to retire at the end of the 2003-04 school year. In August 2001, she interviewed and was hired for a position at what is presently known as the Florida Virtual School [FVS], a public entity that offers online courses to Florida students attending grades seven through twelve. She began working part-time at FVS on September 15, 2001, while continuing her full-time duties with the Pasco County public school system. During the 2001 school year, her position with FVS was designated as "adjunct" in all relevant documents. While employed part-time with FVS, she undertook numerous additional work assignments including preparing federal grant requests to obtain increased funding for the school and working on online course development. Also, she served on the committee that produced the first FVS employee handbook titled "Policies and Procedures Manual" [the "manual"]. Recognizing a valuable asset, FVS offered her a full-time position for the 2002-03 school year, which she accepted; she also maintained part-time employment with the Pasco system. This arrangement continued through the 2003-04 school year until her retirement.
In April 2004, shortly before her scheduled June 2004 retirement, the Division informed Mrs. Wise that her earnings for the period beginning September 15, 2001, and ending on June 30, 2002 (the "contested period"), would not be included as part of her average final compensation. This decision meant that her retirement benefits would be smaller than she expected. The Division's decision was based upon its conclusion that Mrs. Wise's employment in the contested period was classified as "temporary employment," rendering it not qualified for earning retirement credit because the FVS position was not a "regularly established position." Mrs. Wise disputed the Division's decision and, upon being denied the credit after review, appealed *869 the denial to the Department of Administrative Hearings. The administrative law judge [ALJ] held an evidentiary hearing at which three witnesses testified: Mrs. Wise for herself; and, on behalf of the Division, Linda Peters, who was the director of Human Resources for FVS since November 2004, and Cathy Smith, the chief of the Division's Bureau of Enrollment Contributions. At the hearing, it was undisputed that FVS did not begin to participate in the Florida Retirement System until December 1, 2001, during the contested period.
The ALJ found that Mrs. Wise was employed during the contested period in a retirement credit-earning position, not a temporary one, and was thus entitled to have her earnings during the contested period included in her average final compensation, starting from December 1, 2001.[1] The ALJ's recommended order states in relevant part:
33. The letter of intent form [used by FVS employees to indicate whether they wished to continue their employment with FVS] requested [Mrs. Wise] to indicate whether she intended to continue her "adjunct employment status" and whether she would be interested in "a full-time position." The form did not refer to either a "temporary position," or a "part-time position." [Mrs. Wise] reasonably inferred that "adjunct employment status" was the part-time alternative to "a full-time position." The inference was consistent with the announced purpose for serving in FVS and the evidence as a whole. [The Division] also does not define part-time employment to exclude a regularly established position.
. . . .
40. There was nothing temporary in the expectations of [FVS] and [Mrs. Wise] during the contested period. [FVS] staff had legitimate business reasons to expect continued student enrollment and legislative funding during the contested period. [FVS] also had legitimate reasons to expect continued employment of [Mrs. Wise] based on the individual experience [FVS] enjoyed with [Mrs. Wise], the ongoing and continuous nature of [Mrs. Wise's] work, and the significant additional duties assigned to [Mrs. Wise]. [FVS], in fact, employed [Mrs. Wise] continuously after the contested period.
The Division rejected the ALJ's recommended order and denied Mrs. Wise service credit for the contested period, concluding that she was a temporary employee during this period. The Division's final order rejected many of the ALJ's findings based on the testimony of its two expert witnesses, Ms. Peters and Ms. Smith. The ALJ had determined, however, to give little weight to their testimony because they lacked adequate knowledge of the relevant facts. Specifically, the ALJ found that the Division did not call a witness from FVS who was competent to testify about events that occurred during the contested period. Ms. Peters, the FVS representative, testified that she started there after Mrs. Wise retired. Ms. Smith was employed by the Division and had no knowledge of Mrs. Wise's employment status at FVS during the contested period. This record indicates that Ms. Smith was essentially looking at the contested period from the perspective in 2004, when the school was more firmly established in its practices and procedures, *870 rather than from the perspective of conditions in 2001, when Mrs. Wise began her tenure at FVS.[2] We conclude that the Division's reasons for rejecting the ALJ's dispositive findings are not supportable.
The Division did highlight some of the ALJ's factual findings that the record evidence did not support, but we find these few shortcomings not material. For example, the ALJ found that Mrs. Wise was in a regularly established position partly because she was assigned numerous extra duties, such as grant writing and helping to develop the manual, which was inconsistent with being a temporary employee. The Division correctly pointed out that there was no testimony that she was required to assume these extra duties, rather than having merely volunteered. The ALJ also found as fact that Ms. Wise disclosed to her supervisor at FVS at the time of her employment that she sought employment at FVS to enhance her retirement benefits. The Division properly noted that the hearing transcript does not reflect that this fact was communicated to her supervisor during her interview for the position; rather, this was her subjective intent. Had she mentioned it at the interview, she would have been told that FVS was not then participating in the Florida Retirement System. The ALJ also found that FVS was a state agency, rather than a local agency, such as a county school system. The Division took issue with this finding based primarily on the testimony of Ms. Smith. Although it remains debatable whether FVS is a local or state agency, each of which defines criteria for determining whether an employee is in a temporary position, this is not the determinative issue. Under either set of criteria, Mrs. Wise cannot be considered a temporary employee during the contested period. For purposes of this opinion, we will consider FVS a local agency. As illustrated by the quotation from the recommended order, the impetus behind the ALJ's decision was the fact that the totality of the circumstances showed that she was in a regularly established position, albeit part-time, that entitled her to retirement credit for the contested period.
An appellate court generally defers to the administrative agency because of its greater knowledge and experience in interpreting the law related to it. We must accept the ALJ's findings regarding factual disputes, the weight of the evidence presented, and the credibility of the witnesses. § 120.68(10); Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994); Pasco County Sch. Bd. v. Fla. Pub. Employees Relations Comm'n, 353 So.2d 108 (Fla. 1st DCA 1977). However, if the agency's decision is *871 not supported by substantial, competent evidence established in the record of the administrative hearing, it will be overturned. § 120.68(7) Fla. Stat. (2005). But an appellate court reviews the agency's conclusions of law de novo. Steward v. Dep't of Children & Families, 865 So.2d 528 (Fla. 1st DCA 2003).
Section 120.57(1)(l), Florida Statutes (2005), part of the Administrative Procedure Act, somewhat circumscribes the authority of the Division in reviewing an administrative law judge's determination:
(l) The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
See also Deep Lagoon Boat Club, Ltd. v. Sheridan, 784 So.2d 1140 (Fla. 2d DCA 2001). Because the ALJ's determinative factual findings are supported by the record and the Division's substituted conclusions of law and interpretation of administrative rule are not "more reasonable than that which was rejected or modified," we reverse the final order under review.
We examine first the ALJ's dispositive factual findings, i.e., that Mrs. Wise was in regularly established position, not a temporary position. Paragraphs twenty-nine and thirty of the ALJ's recommended order state the following:
29. [The Division] asserts that the documents satisfy requirements for notice and documentation of a temporary position in Florida Administrative Code Rule 6.1004(5). The rule requires an employer to notify an employee at the time of employment that the employee is filling a temporary position and cannot participate in the FRS [Florida Retirement System]; and to document the intended length of the temporary position. However, the terms of the documents from [the Division] are ambiguous and insufficient to provide the required notice and documentation.
30. The documents did not expressly notify [Mrs. Wise] she was filling a temporary position that did not qualify as a regularly established position in the FRS. None of the documents use the term "temporary" or "temporary position." The notice and documentation requirements of the rule must be satisfied, if at all, by implication from terms on the face of the documents such as "adjunct," "adjunct position," and "adjunct employment status."
The Division's final order rejected these findings as irrelevant. The Division cited *872 (a) the undisputed evidence that FVS was not participating in the Florida Retirement System in September 2001 when Mrs. Wise was hired and (b) the manual, which states that adjunct teachers were considered temporary and do not receive benefits. We do not dispute that the manual defines "adjunct" as "temporary" or that FVS was not a participating employer in September 2001. However, the Division's position begs the question. "Adjunct" was not clearly equated with "non-retirement credit earning" and "temporary" until many months after Mrs. Wise was hired. The ALJ's determination is supported by the record: the relevant employment documents at the time that Mrs. Wise was hired did not alert her to the fact that she would be considered a temporary employee. Furthermore, the administrative rule amply supports the ALJ's conclusion.
Florida Administrative Code Rule 60S-1.004(4)(b) defines a regularly established position in a local agency, such as a district school board, and states that "[a] local agency, when establishing an employment position, except for positions identified in. . . paragraph 60S-1.004(5)(d), F.A.C., should determine if the position will exist beyond 6 consecutive calendar months. If it will, then it is a regularly established position. If it will not, then it is a temporary position."[3] Because the undisputed facts show that Mrs. Wise was hired for the complete school year, she must be deemed to have been hired into a "regularly established position," albeit a part-time one. Moreover, as the ALJ pointed out in his conclusions of law, the Division "cannot exercise agency discretion in a manner that is inconsistent with its own rule that requires the employer to provide adequate notice and documentation that [the employee is filling] a temporary position." We agree with the ALJ's legal analysis and conclusion.
The ALJ also concluded that the issue of whether Mrs. Wise's position in the contested period was temporary was a factual determination and not one infused with agency expertise. In reaching this conclusion, the ALJ cited the analogous cases of And Justice For All, Inc. v. Florida Department of Insurance, 799 So.2d 1076, 1078 (Fla. 1st DCA 2001); Board of Trustees of the Northwest Florida Community Hospital v. Department of Management Services, Division of Retirement, 651 So.2d 170, 173 (Fla. 1st DCA 1995); and Schoettle v. State, Department of Administration, Division of Retirement, 513 So.2d 1299 (Fla. 1st DCA 1987). The Division rejected the ALJ's conclusion and determined to the contrary that temporary employment status is an issue infused with agency expertise, without providing an analysis to support its determination. The Division merely relied on the allegedly unrebutted expert testimony claiming that Mrs. Wise was filling a temporary position during the contested period. However, the ALJ rejected this expert testimony because these witnesses had inadequate knowledge of the facts at issue. Based upon the record and the cases cited by the ALJ, we agree with the ALJ and reject the Division's conclusion of law.
The Division also overturned the ALJ's legal conclusion that the Division is equitably estopped to deny the credit to Mrs. Wise based on (1) the omission of adequate notice to her that her position *873 during the contested period would be temporary and (2) the lack of documentation of her temporary status in violation of the administrative rule. Although these omissions may have been mistakes, the ALJ found that they constituted a tacit representation that Mrs. Wise was being hired into a regularly established position during the contested period and was contrary to the Division's asserted position at the hearing. The ALJ cited Warren v. Department of Administration, 554 So.2d 568, 570 (Fla. 5th DCA 1989); Kuge v. State, Department of Administration, Division of Retirement, 449 So.2d 389, 391 (Fla. 3d DCA 1984); and Salz v. Department of Administration, Division of Retirement, 432 So.2d 1376, 1378 (Fla. 3d DCA 1983), in support of this legal conclusion.
The Division rejected the ALJ's equitable estoppel theory on the ground that the record did not show any misrepresentation by the Division and cited numerous cases. Because the ALJ did not find that the Division misrepresented anything, we find the Division's position inapposite and the ALJ's cited cases analogous to Mrs. Wise's circumstances and supportive of his conclusion. Although equitable estoppel will only be applied against a state agency in exceptional circumstances, N. Am. Co. v. Green, 120 So.2d 603 (Fla.1959); Salz, 432 So.2d at 1378, we find that Mrs. Wise's circumstances qualify.
The final administrative order denying retirement credit to Mrs. Wise during the contested period is reversed and the case remanded with instructions that the Division adopt the ALJ's recommended order that Mrs. Wise receive credit for her service during the contested period starting from December 1, 2001. This will require recalculation of Mrs. Wise's average final compensation after including her earnings at FVS during the contested period and readjustment of her pension benefits accordingly. Mrs. Wise shall also be entitled to receive any resulting arrearage from the date she began receiving her pension from the Florida Retirement System.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.
NOTES
[1] The ALJ determined the credit should be given starting on this date rather than on the starting date of the contested period, based on his finding that he could not go back farther than the actual date that FVS joined the Florida Retirement System. Mrs. Wise does not contest this finding.
[2] For example, the manual, approved by the school's Board of Trustees in January 2002, defines "Adjuncts" as independent contractors who are not employees and who do not qualify for employee benefits. "Regular Part-time Employees" are defined as

those who work less than the full-time work schedule (40 hours per week). Regular Part-time employees are compensated on a fee for service or hourly wage basis and are ineligible for any benefits offered full-time employees; however, they do receive all legally mandated benefits (such as Social Security and Workers' Compensation insurance).
Part-time employees of the public school system are entitled to retirement credit. See Fla. Admin. Code R. 60S-1.004(1) ("Membership in the Florida Retirement System shall be compulsory if the employee is filling a full-time or part-time regularly established position.").
At the hearing before the ALJ, Mrs. Wise noted that when she was hired by FVS, the people running the organization were not experienced human resource personnel and may not have had enough familiarity with such issues as retirement benefits to avoid the problem she encountered. We concur in her assessment of the situation.
[3] The exception mentioned in paragraph 60S-1.004(5)(d) relevant to this discussion deals with "temporary instructional positions," which sub-subparagraph (3) defines as "positions which are established with no expectation of continuation beyond one semester or one trimester at a time, to teach in a community college, public school, or vocation institution...." The record shows that Mrs. Wise was hired to teach for a full school year, so she falls outside this exception.