964 So.2d 163 (2007)
Jeanne S. HOFFMAN, Appellant,
v.
STATE of Florida, DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 1D06-2307.
District Court of Appeal of Florida, First District.
June 21, 2007.
Rehearing Denied September 19, 2007.
*164 Susan L. Kelsey of Anchors Smith Grimsley, Tallahassee; Jon C. Moyle, Jr., of Moyle, Flanigan, Katz, Raymond, White & Krasker, P.A., Tallahassee, for Appellant.
Thomas E. Wright, Assistant General Counsel, Department of Management Services, Tallahassee, for Appellee.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND FOR WRITTEN OPINION
THOMAS, J.
This cause is before us on Appellant's motion for rehearing, rehearing en banc, and for written opinion. We deny the motion for rehearing and rehearing en banc, but grant the motion for written opinion filed pursuant to rule 9.330(a), Florida Rules of Appellate Procedure. Accordingly, we withdraw our opinion of February 21, 2007, and substitute this opinion in its place.
In the case we have before us, Appellant failed to timely respond to three letters from the Department of Management Services, Division of Retirement (Division), notifying her of an entitlement to a monthly retirement benefit following her husband's death in 1996. Nine years later Appellant requested retroactive benefits, which the administrative law judge (ALJ) granted. The Department of Management Services (Department) issued a final order reversing the ALJ's decision. While we are not unsympathetic to the human misfortune involved in this case, judicial restraint and the constitutional requirement of the separation of powers precludes this court from directing the executive branch to grant relief here. See Fla. Const., Art. II, § 3.

Facts and Procedural Background
In the Division's third letter to Appellant, it stated that Appellant's file would be placed on inactive status if she failed to respond within 30 days. The letter then stated that it would be Appellant's responsibility to contact the Division when she wished to begin receiving a monthly retirement benefit, which would be effective on the first of the month following her contact. Appellant did not contact the Division until 2005, when she was informed by a Division employee that she had been eligible to receive a monthly benefit during the preceding nine years. Appellant requested benefits retroactive to 1996, alleging that in 1996 a Division employee informed her that she would be better off deferring her monthly benefit until she reached age 59-½. The Division denied her request, relying on rule 60S-4.0035(1), Florida Administrative Code, providing that it is the beneficiary's responsibility to properly apply for benefits, and rule 60S-4.0035(3)(c), Florida Administrative Code, defining the effective date for benefit payment.
Appellant also filed a petition for a waiver or variance of rule 60S-4.0035(3)(c). The Division denied Appellant's petition for waiver because she did not allege that application of rule 60S-4.0035(3)(c) affected her differently than any other similarly situated person. In addition, Appellant did not cite any authority for the Division to waive section 121.091, Florida Statutes (2004), which provides, "Benefits may not be paid . . . unless . . . a proper application has been filed in the manner prescribed by the department." Appellant petitioned for a formal administrative review of the Division's denial of her request for benefits and the denial of her waiver petition.
After a final hearing, the ALJ issued a recommended order awarding retroactive benefits. The ALJ found that the Division left Appellant with the impression that she *165 would be better off waiting until she reached age 59-½ to receive her husband's retirement benefits, but further found that the Division employee did not make any false or misleading statements, either by misrepresenting material facts or by failing to disclose them. Although the ALJ found that Appellant had access to all applicable statutes and rules, he concluded as a matter of fact that the Division's third letter did not reasonably communicate to Appellant the risk of waiving her right to receive a benefit. He further found
as a matter of fact that a reasonable person could not have figured out what the Division had decided and what it intended to do, even if armed with the statutes and rules, because ascertaining the true nature of the Division's determination entails more analytical, indeed legal, reasoning than an ordinary layperson should be expected to employ. In fact, it is determined, the warning letter was inadequate to put even a well-informed person, cognizant of the applicable laws, on notice of the Division's decision regarding [Appellant's] potential forfeiture of the early retirement death benefit and "deemed election" of the deferred monthly benefit.
The ALJ concluded that the Division's correspondence did not provide Appellant fair warning; therefore, her application for monthly retirement benefits in 2005 was timely, and she was entitled to retroactive benefits. Appellant's arguments regarding equitable estoppel and her petition for waiver were deemed moot.
In its final order, the Department rejected many of the ALJ's findings of fact and all but one of his legal conclusions. The Department found that Appellant had access to all applicable statutes and rules; therefore, no obligation was created on the Division's part when she chose not to avail herself of these materials. The Department rejected the ALJ's factual finding that a reasonable person could not determine what the Division meant in its correspondence to Appellant. The Department concluded that section 121.091, Florida Statutes, was not ambiguous and that the record supported the Division's conclusion that Appellant intended to defer her monthly benefit.
The Department further rejected Appellant's petition for waiver or variance, finding that no evidence was presented that she was treated any differently than any other similarly situated person, or that a denial would create a substantial hardship. Thus, Appellant was not entitled to retroactive benefits.

Legal Analysis
Appellant presents several arguments on which to reverse the Department's final order; however, as grounds for reversal in her motion for a written opinion, she argues only that the Department improperly rejected the ALJ's factual findings and also that it failed to apply the doctrine of equitable estoppel. Appellant concedes that if this court reverses the final order based on one ground, the other is moot.

Rejection of the ALJ's Factual Findings
An agency may not reject an ALJ's factual findings if they are supported by competent, substantial evidence. See § 120.57(1)(l), Fla. Stat. (2005). However, an agency reviews the ALJ's conclusions of law and interpretation of administrative rules within its substantive jurisdiction de novo. The agency may reject such conclusions after stating its reasons with particularity and making a finding that its substituted conclusion is as reasonable or more reasonable than the ALJ's conclusion. Id.
The ALJ's factual finding that the Division's letters to Appellant were deficient because they were unclear and failed to provide notice is not supported by competent, *166 substantial evidence. Appellant is presumed to have notice of all applicable rules and statutes. See Ellis v. State, 762 So.2d 912 (Fla.2000) (explaining that publication of statutes provides constructive notice of their passage). Because of Appellant's presumed knowledge, no evidence supports the ALJ's finding that she could not have determined the Division's intent. Further, competent, substantial evidence does not support the ALJ's broad factual finding that no reasonable person could determine the Division's intent. We note that, as the Department stated in its final order, in a retirement system with over 800,000 members, with the exception of Appellant, not a single instance was presented of a beneficiary not understanding the letters which the Division has been sending out for years.
Additionally, the ALJ found that Appellant could not have determined the Division's intent even if armed with the applicable statutes and rules. Because the sufficiency of the Division's notice is determined based on an objective standard, rather than a subjective standard, Appellant's subjective belief does not provide competent, substantial evidence to support the ALJ's finding that the Division's notice was unclear and failed to communicate its intentions to Appellant. See Henry v. State Dep't of Admin., Div. of Retirement, 431 So.2d 677, 680 (Fla. 1st DCA 1983). The Department, therefore, properly concluded that Appellant was not entitled to receive retroactive benefits.

Equitable Estoppel
In order to demonstrate estoppel, Appellant must show that: (1) the Division represented a material fact contrary to its later asserted position; (2) Appellant relied on the Division's earlier representation; and (3) Appellant changed positions to her detriment due to the Division's representation and her reliance thereon. See State Dep't of Revenue v. Anderson, 403 So.2d 397, 400 (Fla.1981). Equitable estoppel is applied against a state agency only in exceptional circumstances and must include some positive act on the part of a state officer upon which Appellant had a right to rely and did rely to her detriment. See Wise v. Dep't of Mgmt. Servs., Div. of Retirement, 930 So.2d 867, 873 (Fla. 2d DCA 2006); Greenhut Constr. Co. v. Henry A. Knott, Inc., 247 So.2d 517, 524 (Fla. 1st DCA 1971). In addition, Appellant must prove the elements of estoppel by clear and convincing evidence. Castro v. E. Pass Enterprises, Inc., 881 So.2d 699, 700 (Fla. 1st DCA 2004).
We find that Appellant cannot establish the first element of equitable estoppel. The ALJ found that the Division did not make any false or misleading statement to her, either by misrepresenting material facts or failing to disclose them; therefore, Appellant has not shown that the Division represented a material fact contrary to its later asserted position.
Appellant argues that the Division omitted material facts, making her situation analogous to Wise. In Wise, the Second District reversed the Department's final order denying retirement service credit because the document which the appellant received when she was hired failed to inform her that she was being hired into a temporary position. 930 So.2d at 871-72. The Second District determined that the appellant was entitled to receive retirement credit for her service even though service in a temporary position would not normally qualify for retirement credit, reasoning that rule 60S-1.004(5), Florida Administrative Code (2005), specifically requires that a temporary employee be informed he or she cannot participate in the Florida Retirement System. Id. at 871, 873.
*167 The Second District further found, as a second basis to support its ruling, that awarding the appellant retirement credit for her service was justified by equitable estoppel. Id. at 873. In Wise, the ALJ originally found that the Division's failure to provide the appellant with notice regarding the temporary nature of her position, along with the Division's failure to document that she received the required notice, in violation of rule 60S-1.004(5), were omissions constituting tacit representations. Id. The Department rejected the ALJ's finding, stating that the record did not show that the Division made any misrepresentations. Id. The Second District reversed, reasoning that the ALJ had found that an omission constituted a tacit representation, not that the Division made a misrepresentation.
Unlike the situation in Wise, the ALJ here specifically stated that the Division employee did not make any false or misleading statements, either by misrepresenting material facts or by failing to disclose them. Further, no specific rule states that the Division must inform beneficiaries they cannot receive retroactive benefits. The Division's correspondence to Appellant informed her that she would not receive any benefit until the month after she filed an application; therefore, Appellant was informed that she would not receive any retroactive benefits.
We find that because Appellant has not established that the Division misrepresented a material fact, either by omission or failure to disclose, she has not shown that the Division was estopped from denying retroactive benefits. Additionally, we find that the Department did not err in rejecting the ALJ's factual findings which were not supported by competent, substantial evidence. While we regret that Appellant has suffered a significant financial loss, we are constrained to affirm the Department's final order denying retroactive benefits.
AFFIRMED.
BARFIELD and VAN NORTWICK, JJ., concur.