990 So.2d 1124 (2008)
Michael ALTEE, Petitioner,
v.
DUVAL COUNTY SCHOOL BOARD, Respondent.
No. 1D07-6534.
District Court of Appeal of Florida, First District.
August 12, 2008.
T.A. Delegal, III, of Delegal Law Offices, P.A., Jacksonville, for Petitioner.
Richard A. Mullaney, General Counsel; Ernst D. Mueller, Deputy General Counsel; and Virginia Baker Norton, Assistant General Counsel, Jacksonville, for Respondent.
BROWNING, C.J.
The petitioner, Michael Altee, filed a petition for review of non-final agency action pursuant to Florida Rules of Appellate Procedure 9.100(c)(3) and 9.190(b)(2) and section 120.68(1), Florida Statutes (2007) (allowing immediate review of non-final agency action "if review of the final agency decision would not provide an adequate remedy"). Specifically, we are asked to review an order of the Division of Administrative *1125 Hearings (DOAH) closing the file in Duval County School Board v. Michael Altee, DOAH Case No. 07-4754, and relinquishing jurisdiction to the respondent, Duval County School Board, for further proceedings and issuance of a final order of dismissal in accordance with section 120.57(1)(I), Florida Statutes (2007). We grant the petition for review, quash the order of the administrative law judge (ALJ), and remand for further proceedings in accordance with the requirements of due process.
On October 20, 1995, the School Board hired Altee to teach history, a subject in which he was certified to teach Grades 6-12. On August 19, 1998, Altee became a "tenured" teacher under the terms of the Duval County Teacher Tenure Act (Tenure Act).[*] Section 1.1 of the Tenure Act, which relates to "Certification of teachers," states in pertinent part that, notwithstanding anything to the contrary in the Tenure Act, "no person shall acquire tenure as a teacher as that word is defined herein, without first obtaining proper certification from the State Department of Education showing his or her qualifications to teach in the public schools of the City of Jacksonville."
On April 20, 2007, Altee was removed from his position as a classroom teacher and reassigned to administrative duties following allegations of misconduct as a teacher. On May 17, 2007, the School Board immediately suspended Altee and sought his termination on the ground of misconduct as a teacher. In a May 17, 2007, letter to Altee from Superintendent of Schools Joseph Wise, titled "Re: Notice of Termination of Employment Contract and Immediate Suspension Without Pay," Altee was informed that he had breached his employment contract with the School Board by engaging in certain listed conduct, and that his employment contract was thereby terminated for "cause." The letter cited violations of certain regulations. The letter stated that if Altee chose to exercise his right to have a DOAH hearing to contest these charges, he would be suspended without pay as of June 6, 2007, pursuant to section 1012.33, Florida Statutes (2007), which suspension would be acted on by the School Board at its regular meeting on June 5, 2007. Altee appealed the disciplinary action in DOAH Case No. 07-2758.
On July 31, 2007, the School Board amended its allegations, adding to the original charge of misconduct a charge of failure to file, by June 30, 2007, any documentation with the certification office showing completion of "Reading" out-of-field credit "as required by Florida law for teaching out of field reading," after Altee was assigned to teach out-of-certification Intensive English classes in the 2005-06 school year. The School Board's motion to amend the pending disciplinary action with *1126 these charges was granted on August 15, 2007.
On September 18, 2007, the School Board voluntarily dismissed its initial misconduct charges against Altee in DOAH Case No. 07-2758. On that same date, the School Board suspended Altee without pay pursuant to its "Notice of Termination of Employment Contract and Immediate Suspension Without Pay." On October 16, 2007, Altee invoked his right to a DOAH hearing under Chapter 120, Florida Statutes, and the Tenure Act, which DOAH scheduled for December 5-6, 2007, in DOAH Case No. 07-4754. Altee's request for a hearing set in motion a series of rulings that culminated in this appeal.

School Board's Amended Motion for Final Summary Judgment
On November 14, 2007, the School Board filed an "Amended Motion for Final Summary Judgment" and an "Affidavit of Kella P. Grant," the School Board's certification supervisor, regarding Altee's out-of-field certification, on the grounds 1) that in violation of Rule 6A-1.0503(4)(b), Florida Administrative Code, Altee had failed to provide timely documentation showing completion of the necessary course work to maintain his position of Intensive Reading teacher or any other position that would be considered out-of-field; 2) that Altee failed to meet the standards to be deemed "Qualified Instructional Personnel" to retain his position of Intensive Reading teacher or any other out-of-field position; 3) that Altee had no defense to the requested disciplinary action; and 4) that no genuine issues of material fact existed.

Altee's Response Opposing Motion
On November 21, 2007, Altee filed his "Opposition to Petitioner's Motion for Final Summary Judgment" asserting that the proceeding before the ALJ arose from the Tenure Act, which nowhere addresses out-of-field teaching. Altee challenged the School Board's contention that no genuine issue of material fact existed regarding his out-of-field certification. Altee asserted that he was a tenured teacher who met the Tenure Act's requirement that he obtain and have "a regular certificate to teach," which he allegedly satisfied via his certification as a history teacher. Altee argued that no provision of Florida law or Duval County School regulations provided for any disciplinary action to be taken against an otherwise certified teacher who initially is hired to teach in-field, is subsequently assigned temporarily to teach out-of-field, and fails to obtain the necessary educational credits for out-of-field certification. See §§ 1012.42 & 1012.55, Fla. Stat. (2007).
Altee stated that he had continuously maintained his regular certificate in history, the subject he was hired to teach. Altee referred to the School Board's "Teaching Out-of-Field" policy, which does not mandate the termination of a tenured teacher who fails to obtain out-of-field certification but, instead, states that such work must be satisfied prior to an employee's being reassigned to the same instructional position in a subsequent school year. Specifically, that policy states:
The School District may employ or assign instructional personnel out-of-field when a qualified and appropriately certified teacher is unavailable and when such assignment is consistent with state and federal laws regarding this subject. The School Board shall approve all instructional personnel who are assigned to teach out-of-field and the School Board's minutes shall reflect such approvals.
(1) An instructional staff member shall satisfy the course work requirements as specified in State Board of Education Rule 6A-1.0503 prior to being reassigned *1127 to the same instructional position in a subsequent school year(s).
Altee attached deposition testimony and documents from the Duval County schools demonstrating that no disciplinary action is taken against tenured teachers such as Altee who fail to obtain out-of-field educational credits after teaching out-of-field. John Williams, the School Board's Director for Professional Standards, whose office is responsible for ensuring that teachers are properly certified, testified by deposition that the remedy for a tenured teacher who fails to obtain out-of-field certification is reassignment, not termination. Williams stated that to teach out-of-field, a teacher is required to obtain six credit hours in the year when he is out-of-field; and that a teacher may not be reassigned to teach out-of-field if he does not obtain such certification within a year.
John Holochek, Jr., the former principal at the school where Altee was assigned to teach, testified by deposition that if a teacher fails to obtain out-of-field certification, the only result is not to permit the teacher to be reassigned to that position in the next year. The teacher would be rotated back into his area of certification. No discipline is issued.
In a letter dated February 9, 2007, sent to eight teachers (including Altee) at the school, Vice-Principal Arthur Roberts had stated that any teacher who fails to obtain out-of-field certification will be "given an appropriate reassignment." The letter states that history is Altee's current area of certification, whereas reading and English as a Second Language are a new area of certification. Nowhere does this letter indicate that such a teacher would be terminated.

ALJ's Order Closing File
On November 27, 2007, DOAH issued an "Order Closing File," in which the ALJ found that the School Board's request for final summary judgment is mistitled and more in the nature of a motion for dismissal on the ground of a lack of disputed material fact as to the issue of Altee's non-compliance with Rule 6A-1.0503, the pertinent portions of which state:
6A-1.0503 Definition of Qualified Instructional Personnel.
A qualified instructional person is defined as an instructional staff member who meets one (1) of the following conditions:
(1) Holds a valid Florida educator's certificate with the appropriate coverage as provided for in the Course Code Directory as adopted by reference in Rule 6A-1.09441, F.A.C., or
(2) Is a selected noncertified person employed under the provisions of Rule 6A-1.0502, F.A.C., or
(3) Holds a valid Florida educator's certificate with coverage other than that deemed appropriate by subsection (1) and has documented a highly qualified designation pursuant to 20 U.S.C.S. 7801 (23), by a High, Objective, Uniform State Standard of Evaluation (HOUSSE) plan for the academic course assigned, or
(4) Holds a valid Florida educator's certificate with coverage other than that deemed appropriate by subsection (1) and does not meet the requirements of subsection (3) and has been approved by the school board or charter school governing board to teach out-of-field after determination that a teacher with appropriate certification coverage is not available. All evidence of such qualifications and approval must be reflected in the individual's official personnel record; provided, however, that such approval may be granted by the school board or charter school governing board only under one (1) of the following conditions:

*1128 (a) The individual is in the first year of employment in the out-of-field assignment and has not been granted, during any preceding year in the district or charter school, approval by either the school board of the charter school governing board to be employed out-of-field in an area for which specific certification is otherwise required, or
(b) The individual has earned the following college credit or inservice training in an approved district add-on program or district approved subject content professional development program:
1. Out-of-field assignment other than ESOL (English to Speakers of Other Languages). A teacher out of field in a subject other than ESOL shall complete at least six (6) semester hours of college credit or the equivalent inservice toward the appropriate certification required in subsection (1) within one (1) calendar year from date of initial appointment to the out-of-field assignment and each calendar year thereafter until all requirements are completed for the appropriate subject certification;
Upon review of the School Board's motion, Altee's response, and the file, the ALJ found that Altee is not a "qualified instructional person" for whom relief can be granted. The ALJ granted the School Board's motion, dismissed the final hearing and further DOAH proceedings, and relinquished jurisdiction to the School Board for any further disposition, including entry of a final dismissal order.

Altee's Motion for Reconsideration
On November 30, 2007, Altee filed a "Motion for Reconsideration" addressing the ALJ's failure to consider whether DOAH had jurisdiction based on any alternative basis for "qualified instructional personnel," and explaining why the School Board should have referred the case back to DOAH for an evidentiary hearing. Altee alleged other substantive and procedural grounds for the ALJ's erroneous ruling, including the existence of genuine issues of material fact, the School Board's failure to allege that Altee was not a "qualified instructional person," and the School Board's failure to file its motion for summary final judgment "no later than 20 days after service" of its petition, in violation of Rule 28-106.204(2), Florida Administrative Code. Because he already had relinquished jurisdiction to the School Board, the ALJ did not consider this motion.
It should be noted that Altee did not dispute the School Board's contention that he did not have the necessary certification to teach out-of-field. Rather, Altee challenged the School Board's position that a tenured teacher hired to teach in-field may be disciplined for failing to obtain out-of-field certification. This disagreement constitutes the alleged genuine issue of material fact. Altee argued that even if he was required to obtain out-of-field certification within a year of first being assigned to teach out-of-field Intensive Reading under Rule 6A-1.0503(4), the only disability created by this rule is a prohibition against the School Board's reassigning Altee to that position in the following school year. See Rule 6A-1.0503(4)(a).
Assuming that rule subsection (4) rendered him no longer a "qualified instructional person," Altee argued that it did so only as to his ability to serve in the out-of-field position. Given that Altee was suspended without pay in April of the 2006-07 school year, he was no longer teaching out-of-field when the School Board brought disciplinary charges against him. Altee asserted that no evidence suggested that he was in an out-of-field position at the time of his termination. Indeed, the out-of-field certification charge was not added until August 10, 2007. Thus, even if he *1129 was not qualified to teach out-of-field Intensive Reading during 2006-07, Altee argued there is no evidence that at the time of his June 2007 termination, he was a non-qualified instructional person, for the School Board never alleged that Altee was still teaching out-of-field. On these grounds, Altee alleged he was entitled to an administrative hearing.
On December 12, 2007, Altee's counsel (unaware that a secret meeting of the School Board allegedly had occurred) wrote to the School Board asking it to correct the ALJ's misunderstanding and to schedule a final hearing addressing Altee's status under the "qualified instructional personnel" rule. Altee's attorney informed the School Board that its records contained data clearly demonstrating that Altee falls within at least one of the other three provisions for "qualified instructional personnel": specifically, that these records reflect that Altee meets the definition under Rule 6A-1.0503(1), supra.
In response to this letter, the School Board e-mailed Altee's attorney, citing section 120.57(1)(I), Florida Statutes (2007), as a basis to take the final agency action of terminating Altee's employment without notice to him. Altee subsequently obtained, through a "public records" request, a copy of a document showing that his employment had been terminated on December 4, 2007.
In this court, he seeks immediate review of non-final agency action under Florida Rules of Appellate Procedure 9.100(c)(3) (addressing "[a] petition to review non-final agency action under the Administrative Procedure Act") and 9.190(b)(2) (addressing "[r]eview of non-final agency action, including non-final action by an administrative law judge, under the Administrative Procedure Act") or, alternatively, this court's relinquishment of jurisdiction over DOAH Case No. 07-4754 to the agency for entry of a final order that he can appeal under section 120.68(1), Florida Statutes (2007).

Analysis
The petition to review the non-final order demonstrates several departures from the essential requirements of law for which Altee would be denied an adequate remedy after final agency action. First, the ALJ found that the School Board's "Amended Motion for Final Summary Judgment" was more properly denominated a "Motion to Dismiss Proceedings." The School Board's motion was filed on November 15, 2007, or "later than 20 days after service" of its petition, rendering it untimely and in violation of Rule 28-106.204(2), Florida Administrative Code. Altee raised this objection in his "Motion for Reconsideration."
Second, Altee contends that if the School Board's motion is to be construed as a motion to dismiss, then the ALJ erred by looking beyond the four corners of the petition and considering the affidavit of Grant, the certification supervisor. See St. Francis Parkside Lodge of Tampa Bay v. Dep't of Health & Rehabilitative Servs., 486 So.2d 32, 34 (Fla. 1st DCA 1986) (limiting ALJ's consideration of a motion to dismiss to the four corners of the petition, any amendments, and any incorporated attachments, and excluding consideration of any factual matters outside those sources). Altee preserved this issue in his "Motion for Reconsideration."
Third, under section 120.57(1)(I), Florida Statutes (2007), an ALJ may dispose of a matter by relinquishing jurisdiction to the agency upon a determination from the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting and opposing affidavits (if any) that no genuine issue as to any material fact exists. We conclude that the School Board's motion raised a disputed factual issue as to the appropriate penalty *1130 or remedy for a tenured teacher who failed to obtain educational credit to teach out-of-field. This does not appear to be a jurisdictional issue, although the School Board characterizes it as such.
The School Board's motion asserted that pursuant to Rule 6A-1.0503(4)(b), supra, Altee "did not complete the required course work to maintain his position of Intensive Reading teacher or any other position that would be considered `out of field.'" Citing only rule subsection (4)(b), the motion alleged that Altee "does not meet the standards to be deemed `Qualified Instructional Personnel' to retain his position of Intensive Reading teacher or any other position that would be considered `out of field.'"
Quoting the entire rule, with subsections (1)-(4)(a)-(b), the ALJ determined that Petitioner is not "a qualified instructional person for whom relief can be afforded." In its motion, the School Board relied solely on rule subsection (4)(b). In his "Motion for Reconsideration," Petitioner noted that an individual can become a "qualified instructional person" by four alternative methods. Noting that the School Board had not alleged his failure to satisfy one of the alternative methods to rule subsection (4)(b), Altee asserted that he had complied with rule subsection (1) because he "[h]olds a valid Florida educator's certificate with the appropriate coverage as provided for in the Course Code Directory." The parties disagree over whether Petitioner had "appropriate coverage."
Altee contends that if he was required to obtain out-of-field certification within a year of first being assigned to teach out-of-field Intensive Reading, under rule subsection (4)(a), the only disability would be a prohibition of the School Board's reassigning him to that position the following school year. If rule subsection (4) rendered Altee no longer a "qualified instructional person," he asserts that it did so only as to his ability to serve in the out-of-field position.
At the very least, due process requires the ALJ to hold a hearing to afford the parties an opportunity to present evidence on these disputed material facts. Accordingly, we GRANT the petition for review, QUASH the ALJ's order closing the file, and REMAND WITH INSTRUCTIONS to afford the parties an opportunity to present evidence on the disputed material facts in an administrative hearing.
HAWKES and ROBERTS, JJ., concur.
NOTES
[*] Section 3 of the Tenure Act states:

(Tenure generally) After the completion of a PROBATIONARY period of employment without discharge, whether such period shall have been completed before or shall be completed subsequent to the enactment of this law, such teachers as have completed such probationary period of employment and have heretofore or shall thereafter be reemployed shall continue in the service in which they are so employed without reduction in their compensation, during good behavior and efficient and competent service and shall not be discharged or demoted except one or more of the causes specified in Section 4 of this Act, after notice, hearing and a finding of the existence of one or more of such causes as hereinafter provided for. No teacher shall lose his or her rights conferred by this section on account of any leave of absence granted such teacher in writing by the Duval County School Board.