PER CURIAM.
Before us in these consolidated appeals are final orders the Agency for Health Care Administration (Agency) entered in section 120.57(1) proceedings, after an Administrative Law Judge in the Division of Administrative Hearings had remanded the cases to the Agency, and appellants had withdrawn their petitions for formal hearing.
Our jurisdiction to entertain an administrative appeal from a final closing order is clear. See Hill v. Div. of Ret, 687 So.2d 1376, 1377 (Fla. 1st DCA 1997) (“A final order may or may not dismiss a petition for hearing or some other pleading. Its finality depends on whether it has brought the administrative adjudicative process to a close.”); see also Altee v. Duval Cnty. Sch. Bd., 990 So.2d 1124, 1124-25 (Fla. 1st DCA 2008) (granting petition for review of closing order, even though the closing order was deemed non-final agency action, on grounds immediate review was necessary to provide an adequate remedy).
In addition to closing the cases, the final orders went on to discuss the possibility of future petitions, proceedings or challenges, challenges we were told at oral argument no party has thus far sought to bring. The legal effect of any such possible petitions, proceedings or challenges was not, in any event, at issue before the Agency when the final orders were entered. Accordingly, in affirming the orders under review, we decline to address the Agency’s speculative obiter dicta.
AFFIRMED.
BENTON and OSTERHAUS, JJ., and LESTER, DON H., Associate Judge, concur.